WASHUM v. LESTER.

Opinion delivered February 23, 1931.

G. M. Gibson, for appellant.

E. H. Tharp and W. P. Smith, for appellee.

HUMPHREYS, J. This suit was brought on January 15, 1930, by appellee against appellant in the chancery court of Lawrence County, Eastern District, for contribution on account of having paid a judgment in favor

of William R. Moore Dry Goods Company for $6,174.81, which it obtained against Sam Ellis, J. H. Washum and himself on May 21, 1928, in the United States District Court, Eastern District, Jonesboro Division. The transcript of the judgment, duly verified, was filed in the office of the clerk for the Eastern District of Lawrence County, and appellee paid the judgment to avoid the levy of an execution issued thereon and caused the judgment to be satisfied of record. The prayer of the complaint was for judgment against appellant for one-third of the amount paid by him in satisfaction of the judgment, less credits, in the total sum of $166.29, leaving a balance of $2,047.65.

Appellant filed an answer interposing the defenses of the statute of limitations and estoppel.

The cause was submitted to the court upon the pleadings and testimony, resulting in a decree in favor of appellee for $1,410.22, from which is this appeal.

The facts, in substance, are as follows: The Wilson Mercantile Company was a corporation and appellant, appellee and others were stockholders therein. In the years of 1924 and 1925 its financial condition was such that it became necessary for its stockholders, either severally or jointly, to personally indorse its notes and guaranty the larger part of its accounts in order for it to carry on. The indorsements and guaranties made by them severally and jointly amounted to over thirty thousand dollars when the corporation failed in the year 1926, at which time appellee had indorsed and guaranteed through himself or jointly with some of the others over $30,000 of the corporation's indebtedness, and appellant had indorsed and guaranteed $7,000 of the amount. In order to secure the stockholders for their indorsements and guaranties of the corporation's indebtedness the board of directors passed a resolution that the manager assign notes and accounts belonging to said corporation to said stockholders. At the time of the failure of the corporation, notes and accounts amounting to $16,938.30 belonging to the corporation had been assigned to T. J.

Wilson for himself, J. M. Lester (appellee), J. L. Mc-
Kamey and J. H. Washum (appellant), all of whom were
stockholders in the corporation. Appellee had guar-
anteed orally $2,996.05 of said accounts and notes on ac-
count of the corporation having furnished his tenants
with supplies and J. G. Richardson, a solvent planter, had
guaranteed orally $3,070.29 of said notes and accounts on
account of supplies which had been furnished his tenants
by said corporation. The testimony was to the effect
that each had agreed to pay for the amounts furnished
to said tenants, if the tenants themselves did not pay
same. The goods were charged on the books to their sev-
eral tenants and not to appellee or Richardson. After the
notes were pledged to the four as security for their re-
spective indorsements and guaranties and the corpora-
tion failed, there remained with the trustee in bank-
ruptcy accounts totaling $8,545.41 which were sold to J.
M. Lester for $150 by the trustee in bankruptcy. During
the progress of the proceedings in bankruptcy against
the said corporation all the notes were released by the
referee in bankruptcy to T. J. Wilson, J. L. McKamey,
J. H. Washum and J. M. Lester, who were the only stock-
holders who had indorsed or guaranteed the accounts
aforesaid, to protect their indorsements and guaranties,
and all of the notes and accounts were delivered to J. M.
Lester (appellee), except such as had been pledged as
collateral security to the People's Bank of Imboden, total-
ing about $2,890. Appellee collected $192.20 out of the
notes assigned to them before the failure of the corpora-
tion, and $482.05 out of those delivered to them by the
trustee in bankruptcy. The testimony was in conflict
as to whether appellee made every reasonable effort
to collect the notes and account. He testified that he
did the best he could with the notes and accounts. Ap-
pellant offered to assist him if he was remunerated for
his services, but appellee refused to allow him to retain
a per cent. on collections. Appellant made no further ef-
fort to get any of the notes and accounts and no attempt
whatever to collect same in order to protect his indorse-

ments and guaranties. Several witnesses testified that in their opinion eighty-five per cent. of the notes and accounts were collectable at the time they were delivered to appellee. Both appellant and appellee, together· with Sam Ellis, indorsed and guaranteed the claim of the William R. Moore Dry Goods ·Company upon which it obtained the judgment against the three of them in the Federal court. When the William R. Moore Dry Goods Company obtained judgment against the three of them in the Federal court, appellee did not request or move for a summary judgment for one-third of the amount against appellant. It seems fairly certain from the testimony that appellee paid $30,124 and appellant $2,317.80 out of their own pockets on their respective indorsements and guaranties of the indebtedness of the Wilson Mercantile Company.

Appellant's first contention for a reversal of the decree is that appellee's claim for contribution was barred by his failure to move for a summary judgment against appellant in the United States District Court where the judgment was rendered in favor of the William R. Moore .Dry Goods ·Company against them, in the time and manner required by §§ 8294 and 8295 of Crawford & Moses' Digest. The remedy provided in the sections referred to in behalf of sureties who pay joint obligations is not exclusive but cumulative. In the enactment thereof the Legislature did not intend to oust the chancery court of its ancient jurisdiction to enforce contribution between joint judgment debtors ·by an independent action. In 13 C. J., p. 833, the rule is announced in the following language:

"Summary proceedings provided by statute for the enforcement of contribution constitute a cumulative remedy. They do not ·bar an independent action."

Appellant also contends for a reversal of the decree upon the ground that appellee estopped himself from claiming contribution from appellant by his neglect to collect the notes and accounts which had been delivered to him. These notes and accounts were assigned to the

four stockholders mentioned above, including appellant and appellee, in equal proportion. That is, each was to have 25 per cent. of the amount of the notes and accounts, when collected, to apply upon his liability as indorser and guarantor. We find nothing in the record to indicate that the duty of collecting the notes and accounts was imposed upon either one of the indorsers or guarantors. The fact that they were in the manual possession of appellee did not impose any duty upon him to collect them and there was no agreement that he should do so. So far as the record reflects, appellant might have collected any of the notes and accounts himself. In view of this fact, he cannot say in good conscience that appellee is responsible to him for neglect or failure to collect any part of said notes and accounts. It is also argued that appellee should be required to account to appellant for at least 25 per cent. of the accounts he orally guaranteed totaling $2,996.05 on account of purchases made by his tenants from the corporation. This guaranty was oral and within the statute of frauds. It amounted to nothing more on the part of appellee than a moral obligation. He failed to collect the amounts from his tenants just as he did from the other debtors of the corporation. A court of equity cannot enforce obligations which are of no binding effect on the parties interested.

Under our view of the law and the facts reflected by the record, appellant is entitled to a total credit of $435.48 on appellee's claim of $2,214.21, including interest, leaving a balance due appellee of $1,778.73 instead of $1,410.22, the amount of the decree rendered in his favor.

The decree of the trial court is therefore modified to conform to this finding, and, as modified, is affirmed.