UNION BUS LINES ET AL V. M. S. BYRD ET AL.

No. 8195. Decided February 9, 1944.
(177 S. W., 2d Series, 774.)

*Sid L. Hardin,* of Edinberg, and *Johnson & Rogers,* of San Antonio, for appellants.

*Harry Shultz,* of George West, and *T. P. Hull* and *Eskridge, Groce & Chiles,* all of San Antonio,, for Kimbriel Produce Com-

pany, and *Carter & Stiernberg,* of Harlingen, for *Byrd & Dugat,* appellees.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

This suit involves a question of venue. It is before this Court on certified question from the San Antonio Court of Civil Appeals.

According to the facts stated in the certificate, a truck owned by Kimbriel Produce Company, Inc., collided with a bus operated by Joe Amberson, doing business as Union Bus Lines, injuring M. S. Byrd and Gaynell Dugat, passengers in the bus. The collision occurred in Live Oak County. Byrd and Dugat brought separate suits in Cameron County against Joe Amberson for damages sustained by them. Cameron County was not the residence of Joe Amberson, nor the home office of Union Bus Lines, but the venue of plaintiffs' suits as against said defendant was sustainable in that county on the ground that the bus line operated as a common carrier in said county and had an agent therein. Amerson filed a cross-action against Kimbriel Produce Company for contribution in the event judgment should be rendered against him. Kimbriel Produce Company filed a plea of privilege to be sued in Bexar County, the county of its residence, in each of the suits. The pleas of privilege were tried together by agreement for convenience. The pleas were sustained, and Amberson appealed. We will treat the two cases as a single suit.

The Court of Civil Appeals has certified to this Court the question: "Is Kimbriel Produce Company, Inc., a resident of Bexar County, the third party defendant below, a 'necessary party' to the action as that tetrm is employed in Exception 29a of Article 1995, Verenon's Ann. Civ. Stats.?"

Seaction 29a of Article 1995 above referred to reads as follows:

"Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

The rule is that where, under the exceptions contained in Article 1995, a suit is properly maintainable against one de-

fendant in a county other than the county of his residence, and the plaintiff therein joins another as defendant and seeks to sustain venue as to him under Section 28a, such other defendant is a necessary party within the meaning of Section 29a if the complete relief to which plaintiff is entitled under the facts of the case as against the defendant properly suable in that county can be obtained only in a suit to which both defendants are parties. Pioneer Building & Loan Assn. v. Gray, 132 Texas 509, 125 S. W. (2d) 284; Tarrant v. Walker, 140 Texas 249, 166 S. W. (2d) 900.

A different rule was announced in the case of First National Bank v. Pierce, 123 Texas 186, 69 S. W. (2d) 756, cited by defendant, but the rule there announced was too restrictive, and is not now followed by this Court. Pioneer Building & Loan Assn. v. Gray, supra; Tarrant v. Walker, supra.

■ It will be noted that the plaintiffs did not sue Kimbriel Produce Company. They sued only Amberson and sought judgment against him alone. Clearly, under these circumstances Kimbriel Produce Company was not a necessary party to *plaintiffs'* suit.

Amberson contends, however, that if he is liable at all, Kimbriel Produce Company is a joint tort-feasor with him, and under the provisions of Article 2212 he is entitled to recover contribution from Kimbriel Produce Company in the event he should be required to pay the damages suffered by plaintiffs. He further contends that he can recover such contribution only in the event Kimbriel Produce Company is before the court at the time judgment is rendered against him, and hence Kimbriel Produce Company is a necessary party to this suit.

Article 2212 provides as follows:

"Art. 2212. Any pereson against whom, with one or more others, a judgment is rendered in any suit on an action arising out of, or based on tort, except in causes wherein the right of contribution or of indemnity, or of recovery, over, by and between the defendants is given by statute or exists under the common law, shall, upon payment of said judgment, have a right of action against his co-defendant or co-defendants and may recover from each a sum equal to the proportion of all of the defendants named in said judgment rendered to the whole amount of said judgment. If any of said persons co-defendant be insolvent, then recovery may be had in proportion as such defendant or defendants are not insolvent; and the right of recovery over against such insolvent defendant or defendants in

judgment shall exist in favor of each defendant in judgment in proportion as he has been caused to pay by reason of such in-, solvency."

The above statute alters the common law rule to a certain extent so as to permit the recovery of contribution among joint tort-feasors under conditions theretofore not permissible. We need not discuss what combination of facts is necessary to create the relation of joint tort-feasors so as to authorize the recovery of contribution under said statute. The Court of Civil Appeals has certified that the facts of this case are sufficient for that purpose, and we will assume this to be true.

■ Is a joint-feasor required to recover from the other tort-feasors the contribution provided for in the statute in the main suit, or may judgment for such contribution be had in a subsequent suit? In those cases in which the recovery of contribution or indemnity is permitted as common law, and independent of the statute, recovery therefor may be had in an independent suit against a defendant who was not a party to the main suit. Temple Electric Light Co. v. Halliburton, 104 Texas 493, 140 S. W. 426; The Gulf, C. & S. F. Ry. Co. v. The Galveston, H. & S. A. Ry. Co. and The New York T. & M. Ry. Co., 93 Texas 509, 18 S. W. 956; Washum v. Lester, 183 Ark. 298, 36 S. W. (2d) 76; Eaton & Prince Co. v. Mississippi Valley Trust Co. 123 Mo. App., 117, 100 S. W. 551; 18 C. J. S. 22, note 8. But it has never been determined whether the contribution provided for in Article 2212 may be so recovered in a subsequent suit against a defendant who was not a party to the main suit.

In the case of Lottman v. Cuilla (Com. App.), 288 S. W. 123, 126, in construing said Article 2212, it was said:

"It is true literally the statute applies to judgments rendered against two or more wrongdoers. But the evident purpose of the act was to relieve the rigor of the common law, so as to place the burden, as amongst themselves, equally upon all the solvent tort-feasors. There is no reason to hold the Legislature meant to exclude from the benefits of the statute those cases where, as here, the plaintiff did not elect to sue all the tort-feasors; but every consideration impels us to hold that the defendant sued may, and should be allowed to, bring in other wrongdoers, provided he does so in such way not to delay or otherwise prejudice the plaintiff's case."

See also Gattegno v. The Parisian et al. (Com. App.), 53 S. W. (2d) 1005. If the statute, as held in the above case, does

not require a joint judgment against the two or more wrong-doers in order to authorize the recovery of contribution by one of them against the others, there is nothing in the statute to require the other wrongdoers not sued by the plaintiff to be brought in by cross-action by the defendant who is sued. After most careful consideration we have reached the conclusion that the dominant purpose of Article 2212 was to create the right of contribution in the class of cases therein provided for, and that it was not intended thereby to limit the right of recovery to those cases in which the wrongdoers sought to be held liable for the contribution was a party to the main suit.

Under the above holding, Amberson's cross-action against the third party is distinct and severable from the controversy involved in plaintiffs' suit against the main defendant. Consequently, the cross-action must be treated as an independent suit, and the venue thereof must be tested on the merits of the cross-action, and independent of the venue of plaintiffs' suit. Burgess et al v. Adams et al (Tex. Civ. App.), 273 S. W. 343; Sherrod et al v. Ruud Mfg. Co. et al (Tex. Civ. App.), 158 S. W. 351; Commercial Standard Ins. Co. v. Morrow et al (Tex. Civ. App.), 68 S. W. (2d) 540; 38 Tex. Jur. 402.

■ Amberson in his cross-examination has sued only one defendant,—that is, Kimbriel Produce Company. In the case of Tarrant et al v. Walker, Chief Justice, 140 Texas 249, 166 S. W. (2d) 900, we held that Section 29a was purely ancillary to other exceptions contained in Article 1995 and could never be invoked to fix venue in a given county independent of some other exception contained therein. It applies only to suits against two or more defendants, at least one of whom is suable in the county under some other section of the venue statute. As above stated, Amberson's cross-action is against a single delendant, and that defendant is not suable in Cameron County under any other section of the venue statute.

It may be conceded that it would be more convenient to try the controverysy among all the parties in a single suit. Certainly it would avoid a multiplicity of suits. But in view of the provisions of Article 1995 to the effect that no person shall be sued out of the county of his domicile, except in the instances therein named, we would not be justified in engrafting an additional exception to the statute merely to avoid multiplicity of suits.

We answer that Kimbriel Produce Company is not a necessary party to the action in question.

Opinion delivered February 9, 1944.