ESTATE of Alcide M. BOREL, Deceased,
et al., Appellants,

v.

Winston G. MOODY, Appellee.

No. 5011.

Court of Civil Appeals of Texas.

Beaumont.

Nov. 12, 1954.

A. A. DeLee, Pt. Arthur, Orgain, Bell & Tucker, Beaumont, for appellants.

King, Sharfstein & Rienstra, Tatum, Camp & Ball, Beaumont, for appellee.

R. L. MURRAY, Chief Justice.

This is an appeal from a judgment in the District Court of Jefferson County sustaining the plea of privilege of appellee Winston G. Moody to be sued in Harris County, the county of his residence. The suit out of which the present controversy arose was based upon a tragic automobile accident which occurred in Montgomery County and resulted in the death of Alcide M. Borel and his wife, the parents of Gerald, Arlene and Jeannette Anne Borel, minors, who are the appellants in this suit. Also, killed in this collision was the wife of ap-

pellee Moody. Both of the cars involved were demolished.

The Motors Insurance Corporation, the insurer of Mr. Moody's automobile as to collision loss, paid him a sum of money for the loss of his car and Moody in writing assigned to said insurance company all of his right, title and interest in the Moody automobile and also assigned to the company all of Moody's rights and causes of action against any person which he might have because of damages to his car, and authorized the insurance company to sue, compromise or settle in Moody's name for such damages.

Thereafter Motors Insurance Corporation filed suit for damages to the Moody car in Jefferson County, which is the county of residence of the minor children of Alcide M. Borel, deceased and his deceased wife, and which county is also the place of residence of the Borel minor children and their guardian Luke Borel. The suit was brought in the name of Winston G. Moody as plaintiff without any allegation of or reference to the fact that the Motors Insurance Corporation was suing under its right of subrogation to Moody's rights, or without any reference to the assignment to it by Moody of his cause of action. The said minor children and their guardian were defendants. After service of citation the Borel minor children, through the guardian of their estate, Luke Borel, filed an answer to the suit and also filed a cross action against Moody for damages for the loss of the life of their father and mother in the collision, seeking damages in the amount of $240,000. To the cross action against him by the Borel minor children Appellee Moody filed his plea of privilege to be sued in Harris County, the county of his residence. By such plea of privilege the appellee alleged that he had transferred the subject matter sued on to Motors Insurance Corporation and alleged that he had no knowledge or notice of the filing of such suit until he was served with citation of the cross action and he disclaimed any interest in the subject matter of that suit. The Borel minors, through their guardian, filed

a controverting plea to such plea of privilege and alleged, in addition to other formal matters, that said Moody, within the meaning of Exception No. 9 of the Venue Statute, Article 1995, Vernon's Annotated Civil Statutes of Texas, had sued on a trespass in Montgomery County, Texas and by the terms and wording of said Exception 9 he had the option to bring suit either in Montgomery County, where the trespass occurred, or in Jefferson County where the Borels reside, and that he had chosen to file such suit in Jefferson County and that Jefferson County was the proper place and forum for the cross action filed by them to be heard, since their cause of action arose out of the same collision as alleged in the suit for damages to Moody's automobile. They further alleged that since the suit was brought in Jefferson County by Moody, venue was thereby fixed in Jefferson County for trial of both the original suit and their cross action against Moody. On the hearing at which all the facts as above alleged were substantially proven to be true the court sustained the plea of privilege of appellee Moody and ordered the cross action of the Borel children against Moody to be severed from the first action filed and transferred to the District Court of Harris County. From such order and judgment the Borel minor children have perfected their appeal.

In their brief the appellants maintained that the court erroneously sustained Moody's plea of privilege because (1) and (2) when the appellee assigned part of his claim giving the insurance company the right to sue in his name and it filed suit in Jefferson County against the appellants and they filed a cross action in such suit, the trial court erred in sustaining the plea of privilege; (3) severing the two causes of action and sustaining the plea of privilege created a multiplicity of suits between the parties over the same subject matter; (4) when Moody assigned a part of his claim to his insurer and authorized it to sue in his name, he thereby waived his claim to a change of venue after his assignee brought suit under such assignment. All

of these matters are presented and discussed under one statement and argument in the briefs of both parties. Both parties state in their briefs that no authority for or against the action of the trial court in sustaining the plea of privilege is to be found in any cases in which the facts are even approximately the same as in this case.

■■ The appellants' position, however, is in conformity with the general doctrine and rule in this state that when a plaintiff brings suit in the county of a defendant's residence, ordinarily he has chosen venue for trial of any cross action against him by the same defendants, arising out of the same transaction as that on which his suit is based. It is also true that the jurisprudence of Texas generally looks with disfavor upon a multiplicity of suits between the same parties in regard to the same subject matter.

Neither of such propositions, however, relate to the exact question under consideration here, which is the right of the appellee Moody to be sued in the county of his residence in an action brought against him by the Borel minor children as a cross action in a suit filed against them in his name but in which he has no interest and of which he had no control because of his prior assignment of said cause of action to his insurer under its right of subrogation.

■ For a solution to this question, we must look to the Venue statute itself and the construction thereof made by our courts. Article 1995, supra, plainly and simply states, "No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases:" The statute then enumerates thirty exceptions to this general rule. Among these thirty exceptions there is not to be found one providing that a person who has by written assignment of a cause of action authorized another to sue on such cause of action in his name to be sued in any other county than that of his domicile or residence for damages arising out of the matters involved in such cause of action assigned. Since Moody did not file the suit, and was no longer interested in the suit brought for damages to his automobile and had no control over such suit, the cause of action asserted against him by the Borel minors must be regarded as an independent suit, distinct and severable from the controversy between Motors Insurance Corporation and the Borel minors. He was not the real party at interest in such suit. Consequently, the venue thereof must be tested on the merits of the cross action and independent of the venue of the original suit by the insurance company in Moody's name against the Borel minor children. See: Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774, 776. In that case it was also said, "It may be conceded that it would be more convenient to try the controversy among all the parties in a single suit. Certainly it would avoid a multiplicity of suits. But in view of the positive provisions of Article 1995 to the effect that no person shall be sued out of the county of his domicile, except in the instances therein named, we would not be justified in engrafting an additional exception to the statute merely to avoid a multiplicity of suits."

The appellants argue that if the judgment of the trial court in this case is affirmed they would be required to defend the original suit in Jefferson County and to prosecute their suit for damages against Moody in Harris County. It is pointed out in answer to this argument that this would have been exactly the same situation had the original suit been filed in the name of the real party in interest as plaintiff, Motors Insurance Corporation. In such a situation it must be agreed that appellee Moody should have his plea of privilege sustained as against an action brought against him as a third party in such a suit.

■ The appellants also argue that by virtue of the assignment by Moody to Motors Insurance Corporation of his cause of action for damages to his car wherein he

authorized it to sue in his name, Moody thereby waived his privilege to be sued in the county of his residence. Said assignment provided in part as follows:

"Upon, in the event, and in further consideration of the payment of the above amount by the corporation, the undersigned hereby agrees that the said corporation shall be vested with all rights and causes of action the said undersigned has against any person, persons or corporation whomsoever for damages to the insured property, and the undersigned agrees to execute any documents required by said corporation in the prosecution of said rights, and the corporation is hereby authorized and empowered to sue, compromise or settle in the undersigned's name or otherwise."

The agreement does not purport to relate in any way to any claim or cause of action which might be brought against Moody, but is restricted to such cause of action as Moody had against others relating to damages done to his car. We think therefore there was no element of waiver on the part of Moody to be found in such assignment. The courts have recognized the right of an insurer to subrogation of all claims which its insured has when it reimburses him for damage to his property. The company may assert its right against a person causing the damage to its insured by way of subrogation without the necessity of an assignment of claim of the insured to it, since the fact of paying the loss operates as an equitable assignment of the claim. See Magnolia Pipe Line Co. v. Security Union Insurance Co., by this court, 37 S.W. 2d 1062. And in the case of San Antonio & A. P. Ry. Co. v. D. M. Picton & Co., Tex. Civ.App., 111 S.W.2d 842 (writ refused) it was held that such an assignee may sue in the name of his assignor, both at common law and under the laws of Texas. In Frye v. Janow, Tex.Civ.App., 212 S.W.2d 883, it is held that such an assignee may sue in the name of its insured, even without a formal assignment or specific authority to do so. Thus, by his assignment to Motors Insurance Corporation, Moody granted to his assignee no right which it did not already possess. Such assignment executed by Moody did not operate as a waiver of any right which he had to be sued in the county of his domicile under the circumstances which we have before us.

We believe the trial court was correct in severing the cause of action of the Borel minor children against Moody and in ordering such severed cause transferred to the district court of Harris County. The facts do not come within any exception named in Article 1995, supra, and as was said in the opinion by the Supreme Court in Union Bus Lines v. Byrd, supra, we would not be justified in engrafting an additional exception to the statute merely to avoid a multiplicity of suits.

Affirmed.