**Samuel R. EAKIN, Appellant,**

v.

**Michael Leon CHANDLER, Appellee.**

**No. 599.**

Court of Civil Appeals of Texas,
Corpus Christi.

July 29, 1971.

Rehearing Denied Sept. 9, 1971.

Dyer, Redford, Burnett, Wray, Woolsey & Dunham, Walter Dunham, Jr., Corpus Christi, for appellant.

Fly, Cory & Moeller, W. S. Fly, Cullen, Edwards, Williams & Stevenson, R. D. Cullen, Donald E. Edwards, Victoria, for appellee.

## OPINION

SHARPE, Justice.

This appeal is from an order of the district court of Victoria County, Texas, overruling the plea of privilege of appellant Samuel R. Eakin to have a cross-action filed against him in that court by appellee Michael Leon Chandler, transferred to Lampasas County, the county of his residence.

Appellant's single point of error reads as follows:

"The Trial Court erred in overruling the Plea of Privilege of Appellant, Samuel R. Eakin, to have the Cross-Action filed against him in the District Court of Victoria County by J. G. Chandler, Guardian for Michael Leon Chandler, transferred to Lampasas County, the County of residence of Appellant, Samuel R. Eakin, there being no applicable exception under Article 1995 upon which to maintain venue in Victoria County and the right of Samuel R. Eakin to be sued in Lampasas County, the County of his residence, not having been waived by him."

The material facts are in substance as follows: On May 29, 1964, appellant, Samuel R. Eakin, while driving an automobile owned by his employer, M. C. Winters, Inc., and acting in the scope of his employment was involved in an automobile collision with a vehicle being driven by Michael Leon Chandler near Alvarado in Johnson County, Texas. Eakin and Chandler were both injured in the accident. The workmen's compensation insurance carrier for M. C. Winters, Inc., was Texas Employers' Insurance Association. The association paid workmen's compensation benefits to Mr. Eakin and also paid medical expenses incurred for treatment of the injuries sustained by him in the accident. On November 28, 1967, an original petition in Cause No. 67–11063–C, styled Samuel R. Eakin vs. Michael Leon Chandler was filed in C–68th District Court of Dallas County, Texas.

That petition alleged damages for personal injuries to Eakin in the amount of $100,-000.00 plus damages for past medical expenses in the amount of $7,359.63. The suit was filed by Robert A. Woolridge of the firm of Burford, Ryburn & Ford, attorneys at law of Dallas, Texas. On December 26, 1967, a Plea of Privilege was filed by Michael Leon Chandler alleging that his residence was in Victoria County, Texas. On March 7, 1968, an order was entered sustaining Chandler's Plea of Privilege and transferring the case to Victoria County. The order recites that a controverting affidavit had not been filed and that the Judge had been informed by plaintiff's attorney that the plea of privilege would not be contested. In a deposition taken on July 2, 1969, Mr. Eakin testified that he did not employ the firm of Burford, Ryburn & Ford or Robert A. Woolridge to file suit in his name in Dallas County, and that he first learned of the fact that a suit had been filed styled Samuel R. Eakin v. Michael Leon Chandler on the day his deposition was taken and that he did not know that the matter was in litigation until he was served with citation on the cross-action filed by Chandler in Victoria County. Eakin further testified that up to the time his deposition was taken, that is, on July 2, 1969, he had not employed an attorney to prosecute an action for damages against Michael Leon Chandler. It was also shown by Eakin's deposition that the settlement agreement entered into between Eakin and Texas Employers' Insurance Association provided in part that:

"It is expressly agreed and understood, however, that claimant, by execution of this release, intends and does reserve his cause of action or causes of action against all third parties over and above the amount of subrogation rights of Texas Employers Insurance Association."

The suit in Dallas County was filed by Mr. Woolridge pursuant to instructions from a representative of Texas Employers' Insurance Association. A letter written by Mr. Woolridge to Mr. Wm. S. Fly states

in part that Mr. Woolridge was authorized " * * * to institute the original suit under the Association's subrogation rights against Michael Leon Chandler. I do not recall personally having any conversations with Mr. Eakin or any of his personal attorneys."

Pursuant to the order referred to above, the cause was transferred from Dallas County to Victoria County where it was docketed as Cause No. 17,544, styled Samuel R. Eakin v. Michael Leon Chandler, in the 24th Judicial District Court of Victoria County, Texas. On January 24, 1969, a cross-action was filed in the Victoria County suit by J. G. Chandler, cross-plaintiff, as Guardian of Michael Leon Chandler, against Samuel R. Eakin and M. C. Winters, Inc. The residence of J. G. Chandler is not alleged in the cross-action and the record is silent as to his residence at the time it was filed and at the time of the disposition of the plea of privilege herein. On March 27, 1969, a plea of privilege was filed by M. C. Winters, Inc., alleging its residence or domicile to be in Blanco County, Texas. On March 27, 1969, a plea of privilege and, subject thereto, an original answer also was filed by Samuel R. Eakin. Mr. Eakin's residence was alleged to be in Lampasas County, Texas. On April 3, 1969, a Controverting Affidavit to the plea of privilege filed by M. C. Winters, Inc. was filed on behalf of J. G. Chandler, Guardian for Michael Leon Chandler. On the same date a Controverting Affidavit was filed by J. G. Chandler, Guardian of Michael Leon Chandler, to the Plea of Privilege of Samuel R. Eakin. The Controverting Affidavit asserted that venue was maintainable in Victoria County on the cross-action filed against Mr. Eakin by virtue of the filing of the suit in Dallas County in Mr. Eakin's name and by virtue of the Order of March 7, 1968 of the District Court of Dallas County transferring the suit to Victoria County. The Controverting Affidavit contained no allegations that venue was maintainable in Victoria County under any of the exceptions enumerated in Article 1995, Vernon's Annotated Civil Statutes of Texas. On September 23, 1970, the court entered an order sustaining the Plea of Privilege of M. C. Winters, Inc. and severing the cause as to that particular Cross-Defendant and transferring it to Blanco County, Texas, but overruling the Plea of Privilege filed by Samuel R. Eakin, who has here appealed from that ruling.

No attempt has been made by appellee to maintain venue of his cross-action in Victoria County because of any of the statutory exceptions enumerated in Article 1995, V.A.C.S. Appellee concedes that none of these statutory exceptions is applicable to this case. To that extent, therefore, Article 1995 is not involved in this appeal and if appellant's right to have appellee's cross-action tried in Lampasas County is to be defeated, it must be upon the application of some other theory or rule of law.

■ Appellant acknowledges that the right to be sued in the county of one's residence can be waived. Appellee seeks to defeat appellant's plea of privilege by attempting to apply that rule of law to the facts of this case. It thus appears that the principal question presented on this appeal is whether appellant waived his right to defend the cross-action in Lampasas County, the county of his residence. Eakin contends that he has done nothing, as a matter of fact or in law to cause him to waive and thereby lose this important and valuable right. We agree.

In 60 Tex.Jur.2d, "Waiver", Sec. 4, p. 185, it is stated:

"To constitute a waiver it is essential that there be an existing right, benefit, or advantage, a knowledge, actual or constructive, of its existence, and an actual intention to relinquish it, or such conduct as will warrant an inference of the relinquishment of the right in question. Waiver is a voluntary act and implies an election to dispense with something of value or to forgo some advantage that might have been damanded and insisted upon."

The essential elements of a waiver by Mr. Eakin of his right to have the cross-action filed against him tried in Lampasas County are, as a matter of fact, entirely lacking. He did not personally surrender, with full knowledge of the consequences of his actions, his right to defend an action against him in Lampasas County. Appellant did not file the suit in Dallas County nor authorize it to be filed there. The suit in Dallas County was filed in Mr. Eakin's name by Texas Employers' Insurance Association. Mr. Eakin did not employ the attorneys who filed the suit to take that action on his behalf and in fact knew nothing about it. Under these circumstances, it appears that Mr. Eakin did not in fact institute the suit and did not select Victoria County as the forum in which the issues were to be litigated.

The question next presented is whether the filing of the suit in Mr. Eakin's name by Texas Employers' Insurance Association had the effect of a waiver insofar as Mr. Eakin is concerned. The Texas case most closely in point appears to be Borel's Estate v. Moody, 273 S.W.2d 673 (Tex.Civ. App., Beaumont, 1954, n. w. h.). There it appeared that Mr. and Mrs. Borel were killed in an automobile collision with Mr. Moody in an accident which occurred in Montgomery County. Motors Insurance Corporation carried the collision insurance on the Moody automobile and paid Mr. Moody for his collision loss and took a subrogation agreement from him as to all his rights against any person for the damage to the Moody automobile and authorizing the Company to sue such person in Mr. Moody's name. Motors Insurance Company then filed a suit for property damages to the Moody car in Jefferson County. The suit was brought in Mr. Moody's name but without his knowledge against the minor children of Mr. and Mrs. Borel and their guardian. Jefferson County was the county of the residence of the defendants. The minor children, acting through their guardian, answered the suit and filed a cross-action against Mr. Moody for their damages as a result of the deaths of Mr.

and Mrs. Borel. Mr. Moody then filed his Plea of Privilege to be sued in Harris County where he lived. The trial court sustained the plea of privilege and ordered the cross-action transferred to Harris County. The cross-plaintiffs appealed and the Court of Civil Appeals affirmed. Because of its relevancy a considerable portion of the opinion of the court in *Borel's Estate*, will be quoted, as follows:

"In their brief the appellants maintained that the court erroneously sustained Moody's plea of privilege because (1) and (2) when the appellee assigned part of his claim giving the insurance company the right to sue in his name and it filed suit in Jefferson County against the appellants and they filed a cross action in such suit, the trial court erred in sustaining the plea of privilege; (3) severing the two causes of action and sustaining the plea of privilege created a multiplicity of suits between the parties over the same subject matter; (4) when Moody assigned a part of his claim to his insurer and authorized it to sue in his name, he thereby waived his claim to a change of venue after his assignee brought suit under such assignment. All of these matters are presented and discussed under one statement and argument in the briefs of both parties. Both parties state in their briefs that no authority for or against the action of the trial court in sustaining the plea of privilege is to be found in any cases in which the facts are even approximately the same as in this case.

The appellants' position, however, is in conformity with the general doctrine and rule in this state that when a plaintiff brings suit in the county of a defendant's residence, ordinarily he has chosen venue for trial of any cross action against him by the same defendants, arising out of the same transaction as that on which his suit is based. It is also true that the jurisprudence of Texas generally looks with disfavor upon a multiplicity of suits between the same parties in regard to the same subject matter.

Neither of such propositions, however, relate to the exact question under consideration here, which is the right of the appellee Moody to be sued in the county of his residence in an action brought against him by the Borel minor children as a cross action in a suit filed against them in his name but in which he has no interest and of which he had no control because of his prior assignment of said cause of action to his insurer under its right of subrogation.

For a solution to this question, we must look to the Venue statute itself and the construction thereof made by our courts. Article 1995, supra, plainly and simply states, 'No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases:' The statute then enumerates thirty exceptions to this general rule. Among these thirty exceptions there is not to be found one providing that a person who has by written assignment of a cause of action authorized another to sue on such cause of action in his name to be sued in any other county than that of his domicile or residence for damages arising out of the matters involved in such cause of action assigned. Since Moody did not file the suit, and was no longer interested in the suit brought for damages to his automobile and had no control over such suit, the cause of action asserted against him by the Borel minors must be regarded as an independent suit, distinct and severable from the controversy between Motors Insurance Corporation and the Borel minors. He was not the real party at interest in such suit. Consequently, the venue thereof must be tested on the merits of the cross-action and independent of the venue of the original suit by the insurance company in Moody's name against the Borel minor children. See: Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774, 776. In that case it was also said, 'It may be conceded that it would be more convenient to try the controversy among all the parties in a single suit. Certainly it would avoid a multiplicity of suits. But in view of the positive provisions of Article 1995 to the effect that no person shall be sued out of the county of his domicile, except in the instances therein named, we would not be justified in engrafting an additional exception to the statute merely to avoid a multiplicity of suits.'

The appellants argue that if the judgment of the trial court in this case is affirmed they would be required to defend the original suit in Jefferson County and to prosecute their suit for damages against Moody in Harris County. It is pointed out in answer to this argument that this would have been exactly the same situation had the original suit been filed in the name of the real party in interest as plaintiff, Motors Insurance Corporation. In such a situation it must be agreed that appellee Moody should have his plea of privilege sustained as against an action brought against him as a third party in such a suit.

The appellants also argue that by virtue of the assignment by Moody to Motors Insurance Corporation of his cause of action for damages to his car wherein he authorized it to sue in his name, Moody thereby waived his privilege to be sued in the county of his residence. Said assignment provided in part as follows:

'Upon, in the event, and in further consideration of the payment of the above amount by the corporation, the undersigned hereby agrees that the said corporation shall be vested with all rights and causes of action the said undersigned has against any person, persons or corporation whomsoever for damages to the insured property, and the undersigned agrees to execute any documents required by said corporation in the prosecution of said rights, and the corporation is hereby authorized and empowered to sue, compromise or settle in the undersigned's name or otherwise.'

The agreement does not purport to relate in any way to any claim or cause of action which might be brought against Moody, but is restricted to such cause of action as Moody had against others relating to damages done to his car. We think therefore there was no element of waiver on the part of Moody to be found in such assignment. The courts have recognized the right of an insurer to subrogation of all claims which its insured has when it reimburses him for damage to his property. The company may assert its right against a person causing the damage to its insured by way of subrogation without the necessity of an assignment of claim of the insured to it, since the fact of paying the loss operates as an equitable assignment of the claim. See Magnolia Pipe Line Co. v. Security Union Insurance Co., by this court, 37 S.W.2d 1062. And in the case of San Antonio & A. P. Ry. Co. v. D. M. Picton & Co., Tex.Civ.App., 111 S.W.2d 842 (writ refused) it was held that such an assignee may sue in the name of his assignor, both at common law and under the laws of Texas. In Fryer v. Janow, Tex.Civ.App., 212 S.W.2d 883, it is held that such an assignee may sue in the name of its insured, even without a formal assignment or specific authority to do so. Thus, by his assignment to Motors Insurance Corporation, Moody granted to his assignee no right which it did not already possess. Such assignment executed by Moody did not operate as a waiver of any right which he had to be sued in the county of his domicile under the circumstances which we have before us.

We believe the trial court was correct in severing the cause of action of the Borel minor children against Moody and in ordering such severed cause transferred to the district court of Harris County. The facts do not come within any exception named in Article 1995, supra, and as was said in the opinion by the Supreme Court in Union Bus Lines v. Byrd, supra, we would not be justified in engrafting an additional exception to the statute merely to avoid a multiplicity of suits.

Affirmed."

Both in *Borel* and the case at bar, suit was brought in the name of an individual by an insurance company exercising its subrogation rights but without the knowledge of the individual involved. In *Borel,* the right to bring the action was expressly conferred by a written subrogation agreement. In the instant case the right of the association to bring a suit against third persons is conferred by statute. Article 8307, Sec. 6a, Vernon's Annotated Civil Statutes of Texas, provides in part as follows:

" * * * If compensation be claimed under this law by the injured employe or his legal beneficiaries, then the association shall be subrogated to the rights of the injured employe in so far as may be necessary and may enforce in the name of the injured employe or of his legal beneficiaries or in its own name and for the joint use and benefit of said employe or beneficiaries and the association the liability of said other person, and in case the association recovers a sum greater than that paid or assumed by the association to the employe or his legal beneficiaries, together with a reasonable cost of enforcing such liability, which shall be determined by the court trying the case, then out of the sum so recovered the association shall reimburse itself and pay said cost and the excess so recovered shall be paid to the injured employe or his beneficiaries. The association shall not have the right to adjust or compromise such liability against such third person without notice to the injured employe or his beneficiaries and the approval of the board, upon a hearing thereof."

Under that Statute there is but one single cause of action against the third party tortfeasor, which belongs to the injured employee, who owns it burdened by the right of the insurance carrier to recoup itself for compensation paid. See Evans v. Ven-

glar, 429 S.W.2d 673 (Tex.Civ.App., Corpus Christi, 1968, n. w. h.), and cases therein cited.

The record here reflects that Eakin had expressly reserved his cause of action against third parties for amounts over and above the subrogation rights or cause of action belonging to the association. In the absence of authority from Eakin to prosecute his cause of action against third persons the association could maintain such a suit only for its own subrogation claim and would not be authorized to seek or have recovery on Eakin's behalf for an amount in excess of its own claim. On the record here Eakin was a nominal party only and the association was the real party at interest.

Even though there be but a single cause of action against the third party tort-feasor, and assuming that a compulsory counter-claim situation was presented insofar as Mr. Chandler was concerned under the provisions of Rule 97(a), T.R.C.P., it does not follow that venue of the cross-action filed on Mr. Chandler's behalf by his guardian against Mr. Eakin must remain in Victoria County. This result would not be required by the provisions of Rule 97(a) because Rule 816, T.R.C.P., expressly provides that the requirements with regard to venue shall not be extended by the Rules of Civil Procedure. It is established here that Mr. Eakin did not elect to file the original suit in Dallas County, but, instead, Texas Employers' Insurance Association did so. Although Article 8307, Sec. 6a, V.A.C.S., confers upon the association the right of subrogation and the right to file an action in the employee's name, such rights are not unlimited. *The statute does not confer or extend authority to Texas Employers' Insurance Association to waive any right which Mr. Eakin might have with regard to any claims or causes of action which might be brought against him by Mr. Chandler.* The situation, therefore, is similar to that presented in the *Borel* case where the Court held that the written subrogation agreement taken by Motors In-

surance Company from its insured did not confer upon the insurance company the right to waive the right of its insured to be sued in his home county.

Such factual distinctions as exist between *Borel* and the instant case are without legal significance in the determination of the questions presented here. Appellant did nothing personally to waive his right to have the cross-action filed against him by Chandler transferred to Lampasas County. The filing of the suit in Dallas County by Texas Employers' Insurance Association in his name and its subsequent transfer to Victoria County did not have the effect of causing a waiver by Mr. Eakin of his right to have the cross-action filed by Chandler transferred to Lampasas County. The trial court erred in overruling the plea of privilege of Samuel R. Eakin and the judgment must be reversed.

Our holding does not have the effect of severing or splitting the single cause of action which Eakin, the injured employee, and the association have against Chandler. In this case it is shown that the only cause of action actually asserted against Chandler in the Victoria County suit is that owned by the association, although done in Eakin's name. It appears that the cause of action asserted by the association on its own behalf against Chandler can be tried in Victoria County with Chandler, of course, having the right to assert all available defenses. However, Chandler's cross-action is not against the association but is against Eakin, and can properly be severed and venue transferred to Lampasas County. In such event, Eakin will not have the right to assert against Chandler any affirmative cause of action for recovery on his own account or that of the association, although all of his defenses would still be available.

After submission of this case we granted leave, over appellee's objection, for appellant to file a supplemental transcript which reflects actions of the trial court and of counsel occurring after entry of the order appealed from. The supplemental tran-

script reflects that on April 1, 1971 the trial court entered an order whereby the action styled Samuel R. Eakin v. Michael Leon Chandler was dismissed with prejudice against the right of Texas Employers' Insurance Association and/or Samuel R. Eakin to at any time hereafter reinstitute the same or to assert any of the causes of action for recovery against Michael Leon Chandler asserted in such cause; and further ordering that the cross-action asserted by Michael Leon Chandler against Samuel R. Eakin be severed from the action dismissed and left pending on the docket subject to the further orders of the court. The order was made pursuant to an agreement of settlement whereby the liability insurance carrier for Michael Leon Chandler for itself and on his behalf has paid to Texas Employers' Insurance Association the sum of $5000.00 and the association and Eakin have agreed to release Chandler from all claims and causes of action which they have or may have against him arising out of the accident in question, and at the same time denying any liability to Chandler. Although the settlement agreement and release was signed only by Eakin and the agent for the association, the order of April 1, 1971 was "approved and entry requested" by Eakin and his attorneys, by the attorney for the association and by the attorneys for Chandler. None of the matters contained in the supplemental transcript were before the trial court at the time of the hearing below or when the order overruling appellant's plea of privilege was entered. We do not base our decision upon such matters. However, we find nothing in the supplemental transcript which is inconsistent with the holdings herein made.

The judgment of the trial court will be reversed and judgment here rendered that the plea of privilege of Samuel R. Eakin be sustained, that the cross-action of J. G. Chandler, Guardian for Michael Leon Chandler against Eakin be severed and that such severed cause be transferred to the district court of Lampasas County, Texas.

Reversed and rendered.