J. A. BURNS d/b/a Corsicana Livestock Commission Company et al., Appellants,

v.

NATIONAL FINANCE CREDIT CORPORATION OF TEXAS, Appellee.

No. 17308.

Court of Civil Appeals of Texas, Fort Worth.

April 21, 1972.

Dawson & Dawson, Corsicana, Strasburger, Price, Kelton, Martin & Unis, and Royal H. Brin, Jr., and Rowland Foster, Dallas, for appellants.

Law, Snakard, Brown & Gambill, and Lawton G. Gambill and Samuel A. Denny, Fort Worth, for appellee.

## OPINION

BREWSTER, Justice.

The defendants, Port City Stockyards Company, a corporation, and J. A. Burns d/b/a Corsicana Livestock Commission Company, each filed pleas of privilege. The trial court overruled both such pleas and this appeal is by those defendants from that ruling. Burns was a resident of Navarro County. The principal office of the corporate defendant was in Austin County. This suit was filed in Tarrant County.

The plaintiff, National Finance Credit Corporation of Texas brought this suit against the defendants, Otis Evans (a resident of Bastrop County) and L. A. Jarosek (a resident of Lavaca County) and against the two defendants named in the first paragraph above, and against three other defendants who are not involved in this appeal and who will not be herein further referred to. None of the defendants resided in Tarrant County, Texas.

The plaintiff sought to maintain venue over the two appellants in the county of suit under Subd. 29a of Art. 1995, Vernon's Ann.Civ.St. on the theory that they were both necessary parties to plaintiff's action against the two defendants, Evans and Jarosek, within the meaning of that statute.

Plaintiff's suit against Evans and Jarosek was a suit on three promissory notes executed by Evans and Jarosek payable to plaintiff in Tarrant County, Texas, and the relief sought against them was a money judgment for the principal, interest and attorney's fees due on said notes which was alleged to be over $289,000.00.

The suit was properly maintainable against Evans and Jarosek in Tarrant County under Subd. 5, Art. 1995, V.A.C.S., because of their agreement to pay the notes in Fort Worth, Texas.

The question to be determined on this appeal is: Were the defendants, Burns and Port City Stockyards Company, necessary parties to plaintiff's suit against Evans and Jarosek within the meaning of Subd. 29a of Art. 1995, V.A.C.S., so that venue against them could also be maintained in Tarrant County? The trial court had held that both defendants were necessary parties.

Plaintiff had alleged that Evans and Jarosek, as security for the notes that they gave plaintiff, had also executed and delivered to them a written security agreement covering a large number of cattle. They further alleged that without plaintiff's knowledge or consent Evans and Jarosek had delivered these cattle to several auction houses where such cattle were sold. It was alleged that defendants, Burns and Port City Stockyards Company, each purchased some of these cattle on which plaintiff had their security interest and that under the circumstances such purchase by

each defendant constituted a conversion by them of the cattle they bought.

The suit against Burns and Port City Stockyards Company was in no way a suit on the notes that Evans and Jarosek had executed, as was the suit against Evans and Jarosek, but it was a suit for conversion against each of them seeking to recover the market value of the cattle that each such appellant had bought and by such purchase allegedly converted.

In Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774 (1944) the Supreme Court set out the law applicable here as follows:

"The rule is that where, under the exceptions contained in Article 1995, a suit is properly maintainable against one defendant in a county other than the county of his residence, and the plaintiff therein joins another as defendant and seeks to sustain venue as to him under Section 29a, such other defendant is a necessary party within the meaning of Section 29a if the complete relief to which plaintiff is entitled under the facts of the case as against the defendant properly suable in that county can be obtained only in a suit to which both defendants are parties."

Since the only relief sought by the plaintiff against the defendants, Evans and Jarosek, who are properly suable in the county of suit, is a money judgment, the complete relief sought against Evans and Jarosek can be obtained in a suit in which Burns and Port City Stockyards Company are not joined, so neither of such appellants are necessary parties to the plaintiff's suit against Evans and Jarosek within the meaning of Subd. 29a of Art. 1995, V.A.C. S. If the appellants are not parties to plaintiff's suit against Evans and Jarosek, this fact would in no way constitute a bar to the plaintiff in getting the money judgment it seeks against Evans and Jarosek. Cockburn Oil Corp. v. Newman, 244 S.W. 2d 845 (Eastland Tex.Civ.App., 1951, no

writ hist.) ; Tarrant v. Walker, 140 Tex. 249, 166 S.W.2d 900 (1942) ; Moreland v. Hawley Independent School District, 140 Tex. 391, 168 S.W.2d 660 (Tex.Com.App., 1943) ; Naylor Automotive Service v. First National Bank, 284 S.W.2d 759 (Waco, Tex.Civ.App., 1955, writ dism.) ; and Mc-Cormick v. Vernon Butler Chevrolet Company, 372 S.W.2d 757 (Texarkana, Tex. Civ.App., 1963, no writ hist.).

The following is from York Supply Company v. Dunigan Tool & Supply Co., 276 S.W.2d 317 (Eastland, Tex.Civ.App., 1955, no writ hist.) :

"The relief to which Dunigan Tool & Supply Company was entitled as against Lawrence, the defendant properly suable in Stephens County, was a money judgment. This relief could be had by a judgment against Lawrence alone. The absence of York Supply Company as a party to the suit was no bar to a judgment against J. M. Lawrence for the amount of the note. The York Supply Company was not, therefore, a necessary party in the strict sense that the suit against Lawrence could not be maintained in its absence. Nor was it a necessary party in the broader sense contemplated by subdivision 29a of the statute, according to the rule set out in the Byrd case, supra, (142 Tex. 257, 177 S.W.2d 774) which is controlling."

When the rules referred to are applied here it is clear that neither appellant was a necessary party, within the meaning of Subd. 29a, to plaintiff's suit against Evans and Jarosek.

It follows that the trial court erred in overruling the pleas of privilege filed in the case by the two appellants.

The judgment is reversed and plaintiff's case against appellant, Burns, is ordered transferred to a District Court in Navarro County, and plaintiff's case against appellant, Port City Stockyards Company, is ordered transferred to a District Court in Austin County.