John MIMS et al., Appellants,

v.

**EAST TEXAS PRODUCTION CREDIT ASSOCIATION, Appellee.**

No. 715.

Court of Civil Appeals of Texas, Tyler.

June 28, 1973.

Rehearing Denied July 12, 1973.

A. H. Waldrop, Waldrop, Shaw & Minton, Henderson, for appellants.

F. P. Granberry, Granberry & Hines, Crockett, for appellee.

DUNAGAN, Chief Justice.

This is an appeal from an order overruling appellants' plea of privilege. East Texas Production Credit Association brought this suit in the 173rd District Court of Houston County, Texas, against C. A. Flanagan on a series of promissory notes executed by Flanagan, which notes were secured by a series of security agreements also executed by C. A. Flanagan, who at the time of the execution of the notes and security agreements, was a resident of Rusk County, Texas. The appellee (plaintiff below) sought judgment for the balance due on said notes, foreclosure of its security agreement liens and an order of sale. Appellants, residents of Rusk County, Texas, were joined as defendants, and it is alleged that the appellants converted to their own use and benefit the livestock described in such security agreements given to appellee, to appellee's damage in the sum of $75,000.00, for which appellee seeks judgment against appellants jointly and severally.

The appellants filed their plea of privilege asserting their residence, at the institution of this suit and at the time of service or process therein, to be in Rusk County, Texas. Appellee controverted such plea asserting venue against appellants alleging that appellants were necessary parties to this suit under Subdivision 29a[1] of Article 1995, Vernon's Ann.Civ.St.

Appellants' plea of privilege was duly heard by the court without a jury and was overruled. Appellants have duly and timely perfected an appeal from this order.

Appellants urge that sec. 29a of Article 1995, V.T.C.S., does not apply because there is no proof that appellants, or either of them, are necessary parties to the alleged cause of action by appellee against C. A. Flanagan and that the trial court erred in overruling appellants' plea of privilege.

Appellee alleges in its controverting plea that venue is maintainable against the defendant Flanagan under subdivision 5 of Article 1995, V.T.C.S. since the promissory notes executed by Flanagan were payable in Houston County and that venue can be maintained against appellants on the basis that they are necessary parties to the alleged cause of action against Flanagan.

At the hearing on the plea of privilege, the following facts were stipulated and agreed upon in open court: that the appellants were residents of Rusk County, Texas, at the time of the filing of this suit and at all times subsequent, and were residents of said county at the time of the hearing; further, that appellants never at any time executed any written instrument promising to pay or perform or to do anything with reference to paying or performing any contract with appellee-plaintiff, East Texas Production Credit Association. It was also stipulated that if any livestock was converted by the appellants that such livestock was at all times situated in Rusk County, Texas, and that such conversion took place in said county and not in Houston County, Texas.

Appellants were owners of the Rusk County Auction located in Rusk County, Texas. The livestock that was covered by the security agreements was consigned to appellants by Flanagan and sold through the Rusk County Auction in Rusk County to various people. Appellants did not purchase any of the livestock. Thus, it is undisputed that appellants are residents of Rusk County, Texas, that they did not contract to pay or to perform or to do any act with reference to the subject matter of this litigation in Houston County, Texas, and

1. "Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

that the appellants do not have, and have not had, possession of the livestock involved other than as a marketing agent for Flanagan and selling livestock so consigned by Flanagan, and that the livestock is or was in the possession of various people other than Flanagan or appellants.

It is not contended by appellants on this appeal that the suit was not lawfully maintainable in Houston County as to the defendant Flanagan, and we find under the pleadings and the evidence that it was lawfully maintainable there as to said defendant. It is appellee's contention that appellants were "necessary parties" to this action for it to obtain the *full* relief that it is entitled to in the absence of appellants as parties to this suit and that their suit may be maintained as to the appellants in Houston County under the provisions of Subdivision 29a, V.T.C.S. From appellee's argument in its brief this contention seems to be based upon an assumption (as there is no evidence in the record as to Flanagan or either of the appellants' solvency or insolvency) that (1) Flanagan is insolvent and that judgment against him will not be paid and (2) judgment against appellants will or might be paid.

It is the settled law in this State that the right to venue in the county of one's residence is a valuable one; that a plea of privilege in the prescribed form is prima facie proof of defendant's right to transfer of the cause; and that the burden is on the plaintiff (in this case on the appellee) to establish by a preponderance of competent evidence all the necessary venue facts under the subdivision or subdivisions of Article 1995, V.T.C.S., relied upon. Members Mutual Insurance Co. v. Tapp, 437 S.W.2d 439 (Tex.Civ.App., Houston (14th) 1969, n. w. h.); Ideal Baking Co. v. Boyd, 417 S.W.2d 613 (Tex.Civ.App., Tyler, 1967, n. w. h.); Summers v. Skillern & Sons, Inc., 381 S.W.2d 352 (Tex.Civ.App., Waco, 1964, writ dism.); Donley County State Bank, Clarendon v. Stockstill, 380 S. W.2d 887 (Tex.Civ.App., Amarillo, 1964, n.

w. h.); Furr's Super Market, Inc. v. Jernigan, 380 S.W.2d 193 (Tex.Civ.App., Amarillo, 1964, n. w. h.); Shaw v. Allied Finance, 161 Tex. 88, 337 S.W.2d 107 (1960); Stull's Chemicals v. Davis, 263 S. W.2d 806 (Tex.Civ.App., Dallas, 1953, n. w. h.); Coalson v. Holmes, 111 Tex. 502, 240 S.W. 896 (1922).

Since the appellants did not sign either the notes or the security agreements, subdivision 5 of Article 1995, V.T.C.S., does not place venue as to them in Houston County. Neither of them had contracted in writing to perform an obligation in such county. Weaver v. Acme Finance Co., 407 S.W.2d 227 (Tex.Civ.App., Corpus Christi, 1966, n. w. h.).

The latest expression of the Supreme Court on the subject, insofar as we have been able to ascertain, defines a "necessary party" within the meaning of Subdivision 29a, Article 1995, V.T.C.S., as every party whose joinder in the suit is necessary to afford plaintiff the "full relief" to which he is entitled. Ladner v. Reliance Corporation, 156 Tex. 158, 293 S.W.2d 758 (1956). See McDonald, Texas Civil Procedure, Vol. 1, sec. 4.36 for a discussion of "necessary parties" within the meaning of Subdivision 29a. Subdivision 29a being permissive in its character must yield to the mandatory provisions of any other exception. Fetherston v. State, 146 S.W.2d 1078 (Tex.Civ.App., Beaumont, 1940, n. w. h.). It does not fix venue in any county by reason of its terms, but must always be invoked in connection with some other exception. Ladner v. Reliance Corp., supra; White v. Gamblin, 203 S.W.2d 1014 (Tex. Civ.App., Eastland, 1947, n. w. h.); Tarrant v. Walker, 140 Tex. 249, 166 S.W.2d 900 (1943).

The suit against the appellants was in no way a suit on the notes that Flanagan executed, but it was a suit for damages against each of the appellants for the alleged conversion in Rusk County resulting from their sale of the livestock in question through Rusk County Auction.

Neither of the appellants is a party to the Flanagan notes sued upon by appellee or the security agreements. The original petition here actually sets up two distinct and severable causes of action. As to the first cause of action on the notes and lien, appellants are strangers since they are not in possession of the livestock involved and are not claiming any interest therein; they are involved in the suit only by virtue of a separate tort alleged against them. In that context we do not believe that appellants are necessary parties within the meaning of subdivision 29a; we do not construe the phrase "full relief" as used in the cases cited above to refer to the total relief which may be pleaded through several causes of action in one petition, but means the "relief" referable to only one distinct cause of action. Texas Tank, Inc. v. General Tank & Equipment Co., 390 S.W.2d 409 (Tex.Civ.App., Texarkana, 1965, n. w. h.); City of Gilmer v. State, 281 S.W.2d 109 (Tex.Civ.App., Austin, 1955, n. w. h.).

Since the only relief sought by the appellee against Flanagan who is properly suable in the county of suit, is a money judgment on the notes, foreclosure of the lien with order of sale, to which appellants are strangers, the full relief sought against Flanagan, can be obtained in the suit in which the appellants are not joined; therefore, neither of such appellants is a necessary party in the strict sense that the suit against Flanagan could not be maintained without the presence as defendants, John and Angus Mims, appellants. Shaw v. Allied Finance, supra; Texas Tank, Inc. v. General Tank & Equipment Co., supra; Kroll v. Collins, 340 S.W.2d 838 (Tex.Civ. App., San Antonio, 1960, n. w. h.); Ladner v. Reliance Corp., supra; Linder v. Thomas, 228 S.W.2d 300 (Tex.Civ.App., Austin, 1950, n. w. h.); Southwestern Peanut Growers Ass'n v. Womack, 179 S.W.2d 371 (Tex.Civ.App., Eastland, 1944, n. w. h.); Agua Dulce Supply Co. v. Chapman Milling Co., 37 S.W.2d 768 (Tex.Civ.App., Texarkana, 1931, n. w. h.). Nor were the appellants necessary parties in the broader sense contemplated by Subdivision 29a of the venue statutes according to the rules set out in Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774 (1944), which is controlling. See also Burns v. National Finance Credit Corporation of Texas, 480 S.W.2d 224 (Tex.Civ.App., Ft. Worth, 1972, n. w. h.); Smith Tank & Equipment Co. v. Shaffer Tool Works Company, 439 S.W.2d 679 (Tex.Civ.App., Tyler, 1969, n. w. h.); Miller & Miller Auctioneers, Inc. v. Hillcrest State Bank of University Park, 430 S.W.2d 61 (Tex.Civ.App., Dallas, 1968, n. w. h.); McCormick v. Vernon Butler Chevrolet Company, Inc., 372 S.W.2d 757 (Tex.Civ.App., Texarkana, 1963, n. w. h.); Naylor Automotive Service v. First National Bank of Mexia, 284 S.W.2d 759 (Tex.Civ.App., Waco, 1955, writ dism.); Cockburn Oil Corp. v. Newman, 244 S.W. 2d 845 (Tex.Civ.App., Eastland, 1951, n. w. h.); Union Bus Lines v. Byrd, supra.

Exceptions to the venue statute must be strictly construed and clearly established before one may be deprived of his statutory right to be sued in the county of his residence. National Life Co. v. Rice, 140 Tex. 315, 167 S.W.2d 1021 (1943). The party relying upon Subdivision 29a to hold venue in a county other than the county of the residence of a defendant asserting his statutory privilege must plead and prove that such defendant is a necessary party to the action. Weaver v. Acme, supra; Shaw v. Allied Finance, supra; Ladner v. Reliance Corp., supra.

The application of this rule of law to the facts of this venue proceeding not only necessitates but accentuates the conclusion that appellants' plea of privilege was improperly overruled.

The judgment is reversed and rendered and plaintiff's cause of action against appellants John and Angus Mims is ordered transferred to the District Court of Rusk County, Texas, in accordance with Rule 89, Texas Rules of Civil Procedure.

Judgment reversed and rendered.