**HAMILTON INVESTMENT TRUST, a trust, Appellant,**

v.

**HI FASHION WIGS PROFIT SHARING TRUST et al., Appellees.**

**No. 19279.**

Court of Civil Appeals of Texas, Dallas.

Oct. 13, 1977.

Louis B. Paine, Jr., Butler, Binion, Rice, Cook & Knapp, Houston, for appellant.

Lawrence Fischman, Weil, Craig & Fischman, Dallas, for appellees.

AKIN, Justice.

This is a venue appeal by Hamilton Investment Trust from an order overruling its plea of privilege. Plaintiffs sued in Dallas County to recover for alleged usurious interest charges with respect to a financing agreement with the defendant. Neither party is a resident of Texas. Defendant asserts venue in Lubbock County under Tex.Rev.Civ.Stat.Ann. art. 5069–1.06(3) (Vernon 1971), which establishes venue in a usury action. Article 5069–1.06(3) provides:

> (3) All such actions brought under this Article shall be brought in any court of this State having jurisdiction thereof within four years from the date when the usurious charge was received or collected in the county of the defendant's residence, or in the county where the interest in excess of the amount authorized by this Subtitle has been received or collected, or where such transaction had been entered into or where the parties who paid the interest in excess of the amount authorized by this Subtitle resided when such transaction occurred, or where he resides.

Appellant argues that venue lies in Lubbock County because that county was the situs of the real estate securing the loans upon which the appellees have sued and is the only county in Texas having any connection with the transaction. Although appellant admits that this fact does not bring

the case within any of the five potential venue provisions under article 5069–1.06(3), it argues, nevertheless, that since Lubbock County is the only nexus connecting the transaction sued upon to Texas, we should look to the facts most nearly applicable to the mandatory provisions of article 5069–1.06(3) and hold that venue should be only in Lubbock County. We cannot agree. Accordingly, we must affirm the trial court's order overruling appellant's plea of privilege.

Appellant argues that once it filed its plea of privilege the burden was on the plaintiffs to prove that Dallas County fell within one of the five subdivisions of article 5069–1.06(3). In this respect, appellant asserts that since the venue provisions of the venue statute are mandatory, and, since Tex.R.Civ.P. 86 provides that a party may assert venue in a county other than the county of one's residence, it follows that when it filed its plea of privilege the plaintiffs had to plead and prove that its action fell within one of the provisions of article 5069 so as to establish venue in Dallas County. We cannot agree because we hold that a defendant who asserts a plea of privilege to be sued in a county, other than the forum, must allege facts within the statute, showing prima facie venue in another county. Tex.R.Civ.P. 86; *e. g., Mims v. East Texas Production Credit Ass'n*, 496 S.W.2d 682 (Tex.Civ.App.—Tyler 1973, writ dism'd). Rule 86 provides, in part:

> A plea of privilege to be sued in a county other than the county of one's residence shall be in writing and sworn to and shall state that the party filing the plea is *asserting venue under and by virtue of one or more specific statutory provisions which shall be clearly designated or indicated.*
>
> When a plea of privilege is filed in accordance with this rule, it shall be prima facie proof of the defendant's right to change of venue; . . . .. [Emphasis added]

As we read rule 86, the plea must on its face allege facts showing prima facie that venue lies in a particular county. It is not enough to allege that venue is controlled by

article 5069–1.06(3); appellant must also allege which of the five potential provisions under article 5069–1.06(3) will place venue in Lubbock in order to have a proper plea of privilege. Here, appellant alleged no facts bringing it within any specific provision of article 5069–1.06(3). Indeed, the stipulated facts conclusively show that none of the provisions of the statute is applicable. Consequently, even if the usury venue statute is mandatory, appellant, by asserting its nexus theory, does not fall within the ambit of any provision of the statute. Only where a plea of privilege meets the prescribed form of rule 86 will it be prima facie proof of appellant's right to have the case transferred, thus casting the burden on plaintiffs to plead and prove that venue is proper in Dallas. *See Mims v. East Texas Production Credit Ass'n,* 496 S.W.2d 682 (Tex.Civ.App. —Tyler 1973, writ dism'd); *McCall v. Sadler,* 467 S.W.2d 216, 217 (Tex.Civ.App.— Eastland 1971, no writ); *Geary, Hamilton, Brice and Lewis v. Coastal Transport Co.,* 399 S.W.2d 878 (Tex.Civ.App.—Dallas 1966, no writ).

We need not pass upon whether the provisions of article 5069–1.06 are mandatory or whether a nonresident defendant has standing to assert the venue statute because assuming both of these contentions in the affirmative, appellant failed to bring itself within one of the provisions of the statute, as it was required to do.

Affirmed.