**LEWIS BOGGUS MOTORS, INC., Appellant,**

**v.**

**Mrs. L. O. HILL et al., Appellees.**

**No. 3795.**

Court of Civil Appeals of Texas.

Waco.

Nov. 17, 1960.

Rehearing Denied Dec. 8, 1960.

Lewright, Dyer & Redford, Corpus Christi, for appellant.

McDonald, Spann & DeAnda, Corpus Christi, Blades, Crain, Slator & Winters, Baker, Botts, Andrews & Shepherd, Houston, for appellees.

McDONALD, Chief Justice.

This is a venue case involving exception 29a of Article 1995 Vernon's Ann.Civ.St. Parties will be referred to as in the Trial Court.

Plaintiffs, Mrs. L. O. Hill, et al., brought this suit in Harris County for damages resulting from an automobile collision, against defendants Ford Motor Company and Lewis Boggus Motors, Inc. Plaintiffs alleged

that the collision was caused by a defective automobile manufactured by Ford Motor Company, and sold by Boggus Motors in a new condition less than 72 hours before the collision. The collision was caused by an accelerator which stuck to the floorboard, causing the car to go out of control and veer into the vehicle being driven by L. O. Hill.

The recovery sought in money damages, is jointly and severally against the defendants Ford Company and Boggus.

Defendant Boggus filed its plea of privilege to be sued in Nueces County, the county of its residence. Defendant Ford filed a general denial. Plaintiffs filed controverting affidavit in which they assert venue against the Ford Company by virtue of Subdivision 23, Article 1995, V.A.C.S. and by other statutes; Rules of Civil Procedure and general law; and against defendant Boggus by virtue of Exception 29a, Article 1995 V.A.C.S.

Defendant filed no exceptions to plaintiffs' controverting affidavit.

Trial was before the court without a jury, which after hearing, overruled defendant Boggus' plea of privilege.

Defendant Boggus appeals, contending, among other things, that the Trial Court erred in overruling its plea of privilege because defendant Boggus is not a necessary party within the meaning of Subdivision 29a.

Plaintiffs' suit alleged that the new Ford automobile was defective and that defendant Ford was negligent in manufacturing a car with a dangerous and unsafe accelerator mechanism, and that both Ford and Boggus are jointly negligent in failing to adequately inspect, check and test the mechanism, and in failing to warn of its defect. The recovery sought was money damages "jointly and severally" against both defendants. Proof was adduced establishing a joint cause of action against the two defendants.

Venue was established against the defendant, Ford Motor Company by virtue of Subdivision 23, 4, and 27 of Article 1995 V.A.C.S. Was Boggus a necessary party within the meaning of Subdivision 29a?

A "necessary party" to a suit, as used in Subdivision 29a, is one whose joinder is necessary to afford the plaintiff the full relief to which he is entitled in the suit which can thus be maintained in that county. Ladner v. Reliance Corp., 156 Tex. 158, 293 S.W.2d 758. In the instant case, plaintiffs sued the defendant Ford Motor Company as manufacturer of a defective vehicle, and the defendant Boggus Motor Company as seller of the defective vehicle with duty to inspect. Both defendants were sued as joint tort-feasors and money damages was sought jointly and severally against each defendant. In this event, either defendant is liable for the damages sustained by plaintiffs, and plaintiffs could have full satisfaction therefor by judgment and execution against either defendant. Moreover, an effectual decree could be rendered completely adjudicating plaintiffs' alleged cause of action against the Ford Motor Company without the joinder of the defendant Boggus Motors as a party defendant. Therefore, we hold that defendant Boggus was not a necessary party to plaintiffs' suit in Harris County, under the foregoing definition and as contemplated by Subdivision 29a. Tarrant v. Walker, Com.App., 140 Tex. 249, 166 S.W. 2d 900, 902; Jaques Power Saw Co. v. Womble, Tex.Civ.App., 207 S.W.2d 206 (no writ hist.); Liles v. Winters Ind. Sch. Dist., Tex.Civ.App., 326 S.W.2d 182 (no writ hist.); Coleman County Telephone Co-op v. Cunningham, Tex.Civ.App., 318 S.W. 2d 461, W/E Dis.; Ladner v. Reliance Corp., Sup.Ct., supra.

The judgment of the Trial Court is reversed and remanded with instructions to transfer this cause as concerns the defendant Boggus Motors, Inc. to one of the District Courts of Nueces County, Texas.

Reversed and remanded.