**FORD MOTOR COMPANY, EDSEL DIVISION, et al., Appellants,**

v.

**Howard E. BOATMAN, Appellee.**

No. 6365.

Court of Civil Appeals of Texas.

Beaumont.

April 20, 1961.

Orgain, Bell & Tucker, Beaumont, for appellant.

Hustmyre & Harris, Orange, for appellee.

HIGHTOWER, Justice.

This is a venue matter. Appellee brought suit in Orange County against appellants, Ford Motor Company, Edsel Division, and O. S. McLamore, doing business as Mc-Lamore Motors, individually and as agent of Ford Motor Company, Edsel Division, alleging, in substance, his purchase of an automobile from O. S. McLamore in his capacity as agent for appellant and that by virtue of certain misrepresentations and breach of written warranties, he had elected to rescind the contract of sale. He sought recovery of purchase money and damages resulting to himself as an incident of the sale against the defendants, jointly and severally. Ford Motor Company filed its plea of privilege to be sued in Dallas County, which plea was duly controverted by the plaintiff, and upon a hearing thereof was overruled by the court on the basis of Subd. 4, Art. 1995, Vernon's Ann.Civ.St., providing that where two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides.

■■ The appellee has failed to file a brief herein. In numerous instances the brief of appellant asserts the record to be completely devoid of proof that McLamore was the agent of appellant, or that he was otherwise a proper party to the suit against appellant. By reason of appellee's failure to file a brief we accept these assertions of appellant as a correct statement of the record. Rule 417, Texas Rules of Civil Procedure. There being no proof that Mc-Lamore was the agent of appellant, or if he was, that some circumstance existed which would give rise to the exception to the general rule that the agent is not liable on a contract made for his principal, the judgment of the trial court must be reversed. Rudco Oil & Gas Co. v. Ogden, Tex.Civ.App., 167 S.W.2d 586; King v. Jones, Tex.Civ.App., 307 S.W.2d 851; Vol. 2, Tex.Jur., 2d, Sec. 154, p. 602.

Judgment reversed and appellee's cause of action against appellant is ordered transferred to Dallas County.

McNEILL, J., not sitting.