**WILSON COUNTY PEANUT COMPANY et al., Appellants,**

v.

**Marvin HAHN, Appellee.**

No. 14049.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 16, 1963.

Bradford F. Miller, San Antonio, for appellants.

Lee & Lee, Mason, for appellee.

BARROW, Justice.

This is a venue action. Wilson County Peanut Company, a Texas corporation, having its principal office and place of business in Bexar County, Texas, is appealing from the order of the 33rd Judicial District Court of Mason County overruling its plea of privilege.

This suit was brought by Marvin Hahn against Wilson County Peanut Company and Nolan Donop. Wilson County Peanut Company filed its plea of privilege and Hahn filed a controverting affidavit seeking to maintain venue in Mason County under Subd. 29a of Article 1995, Vernon's Tex. Civ.Stats. This plea was tried prior to the effective date of the 1962 amendment of Rule 86, Texas Rules Civil Procedure, and in view of the controverting plea containing facts that Wilson County Peanut Company was joined in this suit with Nolan Donop, a resident of Mason County, we will consider the application of Subd. 4

of Article 1995. Halbert v. Sylestine, Tex. Civ.App., 292 S.W.2d 135, no writ history; Longhorn Trucks v. Bailes, Tex.Civ.App., 225 S.W.2d 642, mandamus overruled.

The necessary venue facts to be established under Subd. 4 are: that Nolan Donop resides in Mason County; that Wilson County Peanut Company is a proper party to the claim against Donop; and that Hahn has a bona fide cause of action against Donop. Atlas Roofing Co. v. Hall, 150 Tex. 611, 245 S.W.2d 477; Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W. 2d 347. In our opinion, plaintiff failed to establish a bona fide cause of action against Nolan Donop. This failure would defeat venue under either Subd. 4 or Subd. 29a. Further, Wilson County Peanut Company is not a "necessary" party in plaintiff's suit against Donop, as required under Subd. 29a. Boggus Motors, Inc. v. Hill, Tex.Civ. App., 340 S.W.2d 957, writ dismissed.

Plaintiff alleged that on or about June 20, 1961, he purchased 2750 pounds of certified peanut seed from the defendants and that a large part of same failed to germinate, come up and produce a crop. Plaintiff alleged that the Wilson County Peanut Company, by written certificate, guaranteed that more than 90% of the seed would germinate and produce healthy plants. He further alleged that Donop made the same guarantee, and further guaranteed that such seed would produce more peanuts than ordinary peanut seed, due to their high quality. Plaintiff alleged that he relied upon the promises and guarantee of the defendants; and that 2300 pounds of the seeds were faulty and failed to produce plants.

The evidence was undisputed that Donop sold the seed as the commission agent of Wilson County Peanut Company. Donop testified that the representations made by him were given to him by the Wilson County Peanut Company and that he, in good faith, believed they were true. Donop had nothing to do with the raising or processing of the seed and, in fact, sold the seed

in the same bags it was delivered to him, by the Wilson County Peanut Company. Plaintiff, Hahn, testified that Donop had nothing to do with the raising, processing or certifying of the seed. Plaintiff admitted that Donop was speaking in good faith when he made the representations about the seed. Hahn did not claim that Donop had damaged the seed in any way.

The rule in this State is that where an agent merely repeats the warranty of the principal when undertaking to sell a chattel, only the principal will be held liable thereunder, and the agent is not deemed to be personally responsible in the absence of good faith. Ford Motor Co., Edsel Division v. Boatman, Tex.Civ.App., 345 S.W.2d 782, no writ history; McCoy v. Wichita Falls Motor Co., Tex.Civ.App., 207 S.W. 332, no writ history. The exceptions to this general rule are set forth by the Supreme Court in Tinsley v. Dowell, 87 Tex. 23, 26 S.W. 946. It was there held that there are four exceptions to the rule that one who contracts as agent cannot maintain an action, in his own name and right, upon the contract: (1) where the agent contracts in his own name; (2) where the principal is undisclosed; (3) where the agent is authorized to act as owner of the property; (4) where the agent has an interest in the subject-matter of the contract.

Plaintiff, Hahn, recognizes this rule, but asserts that the fourth exception applies in this case, in that Donop had an interest in the subject matter of the contract. It is clearly set forth in Tinsley v. Dowell, supra, that the interest which the agent has must not simply be in the contract, or in the proceeds to be derived from it; it must be an actual interest in the subject matter itself. The evidence in this case does not reveal any such interest by Donop, who admittedly was merely acting as the commission agent of Wilson County Peanut Company. San Jacinto Rice Co. v. A. M. Lockett & Co., Tex.Civ.App., 145 S.W. 1046, no writ history.

The judgment is reversed and plaintiff Hahn's cause of action against defendant Wilson County Peanut Company is ordered transferred to Bexar County, Texas, as provided in Rule 89, T.R.C.P.