SMITH TANK & EQUIPMENT CO., Inc.,
Appellant,

v.

SHAFFER TOOL WORKS COMPANY,
Appellee.

No. 418.

Court of Civil Appeals of Texas.

Tyler.

March 13, 1969.

Rehearing Denied April 17, 1969.

Lawrence & Lawrence, W. Dewey Lawrence, Wm. D. Lawrence, Jr., Tyler, for appellant.

Butler, Binion, Rice, Cook & Knapp, Fletcher Etheridge, Houston, for appellee.

DUNAGAN, Chief Justice.

This is a venue case involving Subdivisions 27 and 29a, Article 1995, Vernon's Ann.Tex.Civ.St. The appeal is from an order sustaining the plea of privilege of the appellee, Shaffer Tool Works Company, to be sued in Harris County, Texas. Appellant, Smith Tank & Equipment Co., Inc., brought suit in the 114th District Court of Smith County, Texas, against the appellee, Shaffer Tool Works Company, and Flo-Tronics, Inc., seeking to recover the sum of $5,317.60 for services rendered by it under a contract entered into on April 8, 1966, between appellant and Flo-Tronics. Flo-Tronics is a foreign corporation with its principal place of business in Minneapolis, Minnesota, and Shaffer Tool Works Company is a corporation duly incorporated under the laws of the State of California.

Both defendants filed pleas of privilege which were controverted by the appellant. The hearing thereon resulted in the trial court overruling the plea of privilege of Flo-Tronics and sustaining the plea of priv-

ilege of the appellee, Shaffer Tool Works Company. Appellant excepted to the order sustaining Shaffer's plea of privilege and has perfected its appeal to this court. Flo-Tronics did not appeal from the order overruling its plea of privilege.

Appellant has predicated its appeal on two Points of Error. It first contends that Shaffer is a necessary party. It argues that venue being lawfully maintainable as to Flo-Tronics in Smith County, it likewise is maintainable as to Shaffer under Exception 29a, Article 1995, V.T.C.S.

Hereafter appellant will be called "Smith Tank," defendant-appellee will be called "Shaffer" and the other defendant in the trial below will be called "Flo-Tronics."

The evidence adduced on the trial of this case shows that Flo-Tronics entered into a contract with Smith Tank on or about April 8, 1966, for Smith Tank to fabricate certain bins to be installed in Port Arthur, Texas, under a general contract being performed by Flo-Tronics. Smith Tank was to complete its work by June 30, 1966. Smith Tank fell behind schedule and the contract was amended to provide that Flo-Tronics should have the right at its option to remove the uncompleted work from Smith Tank and have it completed by another fabricator. If Flo-Tronics exercised its option, it was agreed that it would have all uncompleted items completed on a time and material basis and pay Smith Tank the difference between the time and material costs in the amount specified in the original purchase order. Pursuant to that amendment, Flo-Tronics did remove the work from Smith Tank and Shaffer was employed to complete the work. Shaffer also signed a letter dated September 24, 1966, presented to it in Harris County, Texas, by Smith Tank in connection with its being employed to complete Smith Tank's work.

Shaffer did complete Smith Tank's work and also did extra work at Flo-Tronics' request, which was not covered under the terms of Shaffer's original contract.

It is our opinion that this case comes within the rule laid down by the Texas Supreme Court in Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774, 775 (1944) wherein the court held:

"The rule is that where, under the exceptions contained in Article 1995, a suit is properly maintainable against one defendant in a county other than the county of his residence, and the plaintiff therein joins another as defendant and seeks to sustain venue as to him under Section 29a, such other defendant is a necessary party within the meaning of Section 29a if the complete relief to which plaintiff is entitled under the facts of the case *as against the defendant properly suable in that county* can be obtained *only* in a suit to which both defendants are parties. * * *" (Emphasis added.)

The presence of Shaffer as a party is not essential to Smith Tank's right to a judgment against Flo-Tronics. The relief which Smith Tank seeks against Flo-Tronics is a money judgment. This relief may be had against Flo-Tronics alone. The absence of Shaffer as a party to the suit could not be a bar to a money judgment against Flo-Tronics. Therefore, Shaffer is not a necessary party to the suit within the meaning of Subdivision 29a. Cockburn Oil Corp. v. Newman, 244 S.W.2d 845, 847 (Tex.Civ.App., Eastland, 1951, n.w.h.) ; York Supply Company v. Dunigan Tool & Supply Company, 276 S.W.2d 317, 319 (Tex.Civ.App., Eastland, 1955, n.w.h.) ; Lewis Boggus Motors, Inc. v. Hill, 340 S.W.2d 957 (Tex.Civ.App., Waco, 1960, writ dism.).

*Smith Tank* next contends that the court erred in sustaining Shaffer's plea of privilege because the cause of action or a part thereof against Shaffer arose in Smith County and therefore such cause of action is maintainable in Smith County under Exception 27 to Article 1995, V.T.C.S.

The sole contention made by Smith Tank to sustain venue under Exception 27 to Article 1995 is that Smith Tank accepted an offer from Shaffer in Smith County, Texas. The evidence does not sustain this contention. The first contract involved in this case was the original purchase order dated April 8, 1966, from Flo-Tronics to Smith Tank, which required completion of the work covered thereby on or before June 30, 1966. Smith Tank admittedly fell behind schedule on this work. Therefore, at Flo-Tronics' request, a written amendment of the purchase order was executed by Smith Tank and Flo-Tronics, giving Flo-Tronics the right to move the work from Smith Tank and have it done by another fabricator. Then, by a telephone conversation between Flo-Tronics and Smith Tank on September 19, 1966, and letter dated September 20, 1966, from Flo-Tronics to Smith Tank, Flo-Tronics exercised its right to remove the work from Smith Tank and instructed Smith Tank to deliver the materials to Shaffer for completion of the work by Shaffer. Flo-Tronics also had informed Smith Tank that Shaffer could fabricate the six powder bins, as required, at an approximate cost of $2,500.00 each. This was agreeable to Smith Tank.

Pursuant to Flo-Tronics' instructions, Smith Tank delivered to Shaffer at Shaffer's office in Seabrook, Harris County, Texas, the materials, the drawings and specifications and its (Smith Tank) letter of September 24, 1966, addressed to Shaffer at its office in Seabrook, Harris County, Texas. The letter listed all of the equipment, the material, the state of completion the material was in, all pertinent drawings furnished Smith Tank by Flo-Tronics, Smith Tank's fabricator drawings, specifications and drawings for the six powder bins. It also provided a blank space for the insertion by Shaffer of the cost per unit or bin to be charged by Shaffer.

When these items were delivered to Shaffer in Harris County, the Shaffer employees with whom W. C. Smith, Jr., Vice-President of Smith Tank, met refused to sign Smith Tank's letter or purchase order because they lacked authority to do so. There was no one present at the time at Shaffer's place of business in Seabrook with the authority to complete and sign the letter. The Shaffer employees with whom Mr. Smith talked told him they would look over the material that he had delivered, along with the prints, and confirm the price that had been originally given. W. C. Smith, Jr. then testified that he was reluctant to leave the materials and drawings with Shaffer without Shaffer having signed the letter and purchase order, and that he therefore telephoned Mr. Yackel of Flo-Tronics from Seabrook. Mr. Yackel assured Mr. Smith that Shaffer was a reputable and acceptable company and Mr. Smith accordingly went ahead and left the materials and drawings for Shaffer to complete the work, and also left the letter.

Approximately a month later Shaffer signed and mailed back to Smith Tank the letter of September 24, 1966. Shaffer had inserted in the blank space provided therefor in the letter the unit cost to be "approximately $2,370.00" which was within the approximate cost per unit of $2,500.00 Flo-Tronics had advised Smith Tank the cost would be for the completion of the six bins which was acceptable to Smith Tank. At the bottom of the letter it is shown:

"Accepted:

| CUSTOMER | Shaffer-Bayport |
|---|---|
| By | /s/ E. W. Crider |
| Title | Operation Manager |
| Date | 10/21/66 " |

This acceptance was signed in Harris County. As to the alleged acceptance by Smith Tank in Smith County, W. C. Smith, Jr., testified that there were no other or further communications between Smith Tank and Shaffer either before the letter was delivered to Shaffer or after Shaffer mailed the letter back to Smith Tank as to any agreement or acceptance of an agree-

ment; that there were no conversations concerning Shaffer proceeding with the work after Smith Tank's receipt of the letter; that Smith Tank did not instruct Shaffer to hold up the work until the letter was accepted; that Smith Tank gave Shaffer no instructions about starting the work and that Smith Tank never signed or returned a counterpart of the letter of September 24, 1966. Mr. Smith further testified that upon the return of the letter, it was put in the file and that no notation was made in any records kept in the course of Smith Tank's business indicating an acceptance, and that, in fact, Smith Tank took no action whatsoever after receiving the letter from Shaffer other than placing same in its file. The letter was never signed by anyone on behalf of Smith Tank.

The evidence shows that the employment of Shaffer by Flo-Tronics was satisfactory to Smith Tank provided the price was acceptable; that a price of approximately $2,500.00 per unit (per bin) was acceptable to Smith Tank; that Smith Tank wanted proof that Shaffer's price would not exceed that amount and that he so informed both Flo-Tronics and Shaffer.

This desire on the part of Smith Tank was accomplished by the letter of September 24, 1966, which letter is the basis of Smith Tank's cause of action against Shaffer and upon which it relies to maintain venue in Smith County. It appears that the primary purpose of the letter here in controversy was to afford Smith Tank with a receipt of the equipment, the material, the state of completion the material was in, the drawings and specifications for the six powder bins it delivered to Shaffer pursuant to Flo-Tronics' instructions, and also to establish the cost of the completion of each bin that Shaffer would charge Flo-Tronics under the contract entered into between Flo-Tronics and Shaffer for the completion of the bins, as such cost would have a bearing on the back-charge by Flo-Tronics to Smith Tank.

If Smith Tank has a cause of action against Shaffer, no part thereof arose in Smith County insofar as the evidence before us shows.

Judgment affirmed.