# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00239-CV

**Handwerker Hren Legal Search, Inc.; Debra Hren; and Neil Handwerker, Appellants**

**v.**

**Recruiting Partners GP, Inc. d/b/a Kinney Recruiting, Inc., Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT
NO. D-1-GN-09-000420, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Handwerker Hren Legal Search, Inc. (H & H), Debra Hren, and Neil Handwerker appeal from the trial court's summary judgment and award of attorney's fees in favor of Recruiting Partners GP, Inc. d/b/a Kinney Recruiting, Inc. (Kinney Recruiting) in this case arising from a dispute over a fee-splitting agreement for the placement of an attorney. Kinney Recruiting filed a declaratory-judgment action seeking a determination that appellants are not entitled to a share of the fee. Because we conclude that the trial court properly granted Kinney Recruiting's summary-judgment motion and properly awarded attorney's fees against Hren but not against Handwerker, we modify the judgment and, as modified, affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

All of the parties are engaged in the profession of legal recruiting. Hren and Handwerker were formerly employed by Lucas Associates, Inc. d/b/a The Lucas Group (Lucas), and

Kinney Recruiting was founded by Robert Kinney.  In March 2008 and while employed by Lucas, Hren began working together with Kinney to place a particular candidate (the Candidate) and agreed to a 50%-50% split of the placement fee paid by the hiring firm for the placement services.  Hren subsequently agreed to split her 50% with co-worker Handwerker.

In September 2008, Hren and Handwerker left Lucas to form their own legal recruiting firm, H & H.  Upon leaving, Hren prepared a list of candidates with whom she and Handwerker were actively working, and Handwerker sent the list to Lucas president Andrea Jennings and proposed that Lucas, Hren, and Handwerker split the placement fees for those candidates.  With respect to the Candidate, the proposed split was 12.5% each to Hren and Handwerker, 25% to Lucas, and 50% to Kinney Recruiting.  Jennings informed Handwerker and Hren that they needed to sign a written agreement before they could "move forward" on a fee split regarding the candidates, but no agreement was ever signed.

Kinney subsequently placed the Candidate without working with Hren.  Upon learning of the placement, Hren and Handwerker demanded a share of the placement fee.  Kinney contacted Jennings, who checked Lucas's records and told Kinney that she could find nothing to indicate Lucas had any involvement in the placement of the Candidate.  Seeing nothing to indicate Lucas was entitled to a portion of the fee, Jennings executed a release of all claims against Kinney and his firm, and Kinney Recruiting kept the entire fee.

In the face of demands for payment from Hren and Handwerker, Kinney Recruiting filed a declaratory-judgment action seeking a determination that none of the appellants are entitled

to any share of the fee.[1]  *See* Tex. Civ. Prac. & Rem. Code § 37.004.  Appellants filed a counterclaim for relief as prevailing parties under Kinney Recruiting's declaratory-judgment claim and asserted their right to recover a share of the placement fee and attorney's fees based on Kinney Recruiting's breach of "obligation."  Kinney Recruiting filed simultaneous traditional and no-evidence motions for summary judgment.  Among the grounds Kinney Recruiting asserted in the traditional motion were that Hren and Handwerker could not establish a valid contract between either of them and Kinney Recruiting, were not the proper parties to assert a breach-of-contract claim, and lacked standing to sue for breach of contract.  The trial court denied the motions.  Kinney Recruiting subsequently filed a second traditional motion for summary judgment and a plea to the jurisdiction, asserting in both that Hren and Handwerker lacked standing, and both motions were denied.

The case proceeded to jury trial, and after hearing from three witnesses, the trial court sent the jury out and sua sponte reconsidered Kinney Recruiting's first motion for summary judgment.  The trial court granted the motion, reciting in the final judgment that it granted the summary judgment "for the reasons stated on the record."  Those reasons, as reflected in the record, were as follows:  The evidence showed that Hren, as an agent of Lucas, contracted with Kinney Recruiting to split the fee on behalf of Lucas and had no individual interest in the fee.  That agreement gave Lucas, but not Hren, the right to sue if Kinney Recruiting failed to share the fee.  Hren and Handwerker attempted to negotiate an agreement with Lucas for a commission share after

---

[1]  Kinney Recruiting also asserted a claim against Handwerker and H & H for tortious interference with contract but dropped that claim in a subsequent amended petition.  Additionally, soon after filing suit, Kinney Recruiting nonsuited Handwerker.

their employment with Lucas ceased but, short of any evidence supporting such agreement, Hren and Handwerker have no standing to sue Kinney Recruiting.

Following the trial court's ruling, Kinney Recruiting moved to recover attorney's fees as the prevailing party under the Uniform Declaratory Judgment Act (UDJA), seeking $275,000 in attorney's fees, $33,000 in legal-assistant fees, and $36,000 in costs. *See id.* § 37.009. In its final judgment the trial court awarded $175,000 in attorney's fees, with provision for more on appeal, and $5,412.59 in costs against Hren and Handwerker jointly and severally.[2] The trial court subsequently issued findings of fact and conclusions of law on its attorney's-fees award and denied appellants' motion for new trial. This appeal followed.

## DISCUSSION

### Summary Judgment

In their first three issues, appellants argue that the trial court erred in granting Kinney Recruiting's motion for summary judgment because they have standing to protect their interests in the placement fee. We review a trial court's summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). To prevail on a summary-judgment motion, the movant must demonstrate that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d

---

[2] The trial court awarded Kinney Recruiting $25,000 for attorney's fees in the event Hren and Handwerker unsuccessfully appeal to this Court, $15,000 in the event they file a petition for discretionary review that is denied by the supreme court, and $10,000 in the event the supreme court denies them relief after granting review.

211, 215–16 (Tex. 2003). When a trial court grants summary judgment on specific grounds, we consider all summary-judgment grounds the trial court ruled on that are preserved for appellate review and that are necessary for final disposition of the appeal. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625–26 (Tex. 1996). In the interest of judicial economy, we may consider other grounds preserved for review that the trial court did not rule on. *Id.* at 626.

### Standing based on Hren's interest under fee-sharing agreement

Appellants argue that the trial court erred in deciding that, as a matter of law, Hren could have no standing because she was an employee of Lucas at the time of the agreement with Kinney Recruiting. Appellants acknowledge the general rule that one who contracts as an agent cannot maintain an action in her own name. *See Tinsley v. Dowell*, 26 S.W. 946, 948 (Tex. 1894). However, they contend that two of the four exceptions recognized in *Tinsley* apply here: (1) where the agent contracts in her own name and (2) where the agent has an interest in the subject matter of the contract. *See id.* First, they argue that Hren contracted with Kinney Recruiting in her own name and that the contract was not made on behalf of Lucas as the principal but was an agreement between two agents to work together and share the proceeds. Second, they argue that Hren had an interest in the subject matter of the contract with Kinney Recruiting because she had a direct interest in a share of the fee. Thus, appellants contend that under *Tinsley*, Hren has standing, and by Hren's assignment of a portion of her share to Handwerker, he also has standing.

Kinney Recruiting argues that Hren does not meet the first exception under *Tinsley* because there is no evidence that Hren contracted in her own name. We agree. Appellants rely heavily on an email exchange between Hren and Kinney in which Hren writes, "We are splitting this

deal," and Kinney replies, "Definitely a split," and contend the email exchange shows Hren made the agreement in her own name. However, Hren's email is sent from her Lucas email address and is signed in her capacity as "Executive Senior Partner," indicating that she was acting in her capacity as an agent of Lucas and agreeing on behalf of Lucas to split the fee with Kinney Recruiting.[3] Further, in an interrogatory answer, Hren stated that the fee split was "a 50/50 split with one-half to Kinney Recruiting and one half to *Lucas*" and that "under contract," she and Handwerker "participated in the placement fee *to be paid to Lucas*." (Emphasis added.) In another email, Hren referred to the Candidate as one who "belonged to Lucas." In her affidavit attached to Hren's and Handwerker's response to Kinney Recruiting's motion for summary judgment, Hren stated that she and Handwerker "*earned a right to participate* in any placement fee for the placement of [the Candidate]." (Emphasis added.) Like the agent in *Tinsley*, Hren could not collect the fee on her own behalf; rather the fee was to be paid to Lucas, and her job was to negotiate the agreement. *See id.* Thus, the undisputed summary-judgment evidence establishes that Hren contracted with Kinney Recruiting to split the fee on behalf of Lucas, not in her own name.

To meet the second exception under *Tinsley*, Hren must have an interest in the subject matter of the contract itself. *See id.*; *Chain v. Pye*, 429 S.W.2d 630, 634–35 (Tex. Civ. App.—Beaumont 1968, writ ref'd n.r.e.) ("It does not suffice that the agent have an interest in the

---

[3] Appellants also contend that in this email Kinney asked Hren not to share the Candidate's placement with her firm and argue that this request is further evidence that the agreement was between Kinney and Hren individually. However, what Kinney requested in the email is that Hren not share with her firm the interest of a particular law firm in Austin candidates so as not to "derail" the "deal." Kinney did not ask her to keep the Candidate's placement from her firm, and we conclude the request does not show that Hren was contracting in her own name.

6

proceeds to be derived from the sale of the property. There must be a beneficial interest in the thing itself.") (quoting *Wall v. Ayrshire Corp.*, 352 S.W.2d 496, 502 (Tex. Civ. App.—Houston 1961, no writ)); *Wilson Cnty. Peanut Co. v. Hahn*, 364 S.W.2d 468, 470 (Tex. Civ. App.—San Antonio 1963, no writ) (commission agent of company had no interest in contract for sale); *cf. Perry v. Breland*, 16 S.W.3d 182, 187–88 (Tex. App.—Eastland 2000, pet. denied) (agent who contributed to payment on contract had interest in subject matter of contract). Hren argues that the "subject matter" of the fee-splitting contract at issue is the placement fee paid by the law firm with whom the Candidate was ultimately placed and that she had a "vested" interest in this placement fee by virtue of her employment agreement with Lucas. While we agree with Hren that there may well be circumstances under which an employee could have a vested right to a share of a particular placement fee to be received by her employer and then, after binding her employer to an agreement splitting that fee with a third party, be entitled to sue upon the third party's alleged breach of the fee-splitting agreement on the basis of her vested interest in the placement fee, the summary-judgment evidence before us does not establish such circumstances.

Despite her attempts to characterize her interest in a share of Lucas's received commissions as "vested," Hren's affidavit described her interest as merely the right to participate in the fee paid to Lucas and, more importantly, did not aver that any "participation" right survived her employment with Lucas. The record contains no employment contract or other evidence outlining Hren's vested rights to any percentage of placement fees, whether received during her employment or after. Jennings's uncontroverted testimony conclusively established that Hren and Handwerker were entitled to commissions only on placements that were completed prior to their leaving Lucas's employ and that, absent an agreement for post-employment payments, the former

7

employees had no further rights to any commissions on candidates they had "owned" or worked with while at Lucas. The only other statements Hren offers in her affidavit to support the argument that she had an individual interest in the placement fee are that, upon leaving Lucas, she and Handwerker "did not want to give up their individual right to participate in the placement fees" and that she "understood" certain things about the placement fee, neither of which shows anything more than Hren's state of mind. Because Hren had only a right to receive commission from the placement fee paid to Lucas while she was still employed, we conclude that she did not have a direct interest in the subject matter of the contract. *See Tinsley*, 26 S.W. at 948; *Chain*, 429 S.W.2d at 634–35; *Hahn*, 364 S.W.2d at 470.

As for Handwerker, there is no summary-judgment evidence that he ever entered into any agreement with Kinney Recruiting so as to afford him standing to sue it for a share of the fee. In fact, Handwerker did not demand payment on his own behalf; in an email to Kinney demanding payment, Handwerker stated that Kinney Recruiting should pay *Hren* "what *she* is owed." (Emphasis added.) Furthermore, Hren could not have assigned to Handwerker any interest in "her" share of the fee because, on this record, she had no interest to assign. *See MG Bldg. Materials, Ltd. v. Moses Lopez Custom Homes, Inc.*, 179 S.W.3d 51, 57 (Tex. App.—San Antonio 2005, pet. denied) (assignment generally transfers some right or interest from one person to another). On these facts, there is no basis on which to conclude that Handwerker has standing to sue Kinney Recruiting.

### Standing on the basis of prior assignment from Lucas

Appellants also argue that Hren and Handwerker have standing based on an assignment from Lucas prior to the placement of the Candidate. They argue that Handwerker, on

8

behalf of himself and Hren, sent Lucas a list of candidates "in play" with a proposed fee-split for their placement when the two left Lucas, that Lucas did not reject it, and that Lucas worked with them in placing candidates after their departure. Appellants contend that these facts show the intent of the parties to enter into an agreement, that the agreement did not have to be in writing, and that Lucas's subsequent release of its own interest did not affect appellants' interests.

Kinney Recruiting contends that appellants have waived any argument under an assignment theory by failing to assert it as a counterclaim and by expressly declining to assert it at the hearing on the motion for summary judgment when the trial court asked if they were claiming assignment. Assuming without deciding that appellants have not waived the argument, there is no summary-judgment evidence of an assignment. At some point after Handwerker sent Jennings his list of "in play" candidates, Jennings sent him an email saying that they "need[ed] to formalize an agreement with respect to the payment of fees in connection with candidates or clients with whom you and [Hren] were working prior to your departure" and that she would send a letter "confirming our understanding of the agreement," stating, "When you and [Hren] have had the chance to review it and sign it, we will move forward." Thus, Jennings expressly predicated "moving forward" concerning the candidate list on the signing of a written agreement by Hren and Handwerker. However, it is undisputed that Hren and Handwerker did not sign the agreement that Jennings subsequently sent. The only other evidence of communications between Lucas and Handwerker submitted by appellants is an email from Handwerker to Jennings concerning placements of other candidates with clients. Absent any response from Jennings indicating otherwise, Handwerker's email standing alone does not constitute any evidence of an intent by Lucas to move forward without

9

a written agreement in place. *See Commercial Structures & Interiors, Inc. v. Liberty Educ. Ministries, Inc.*, 192 S.W.3d 827, 833 (Tex. App.—Fort Worth 2006, no pet.) (language of release whereby party "agree[d] to assign" accounts receivable, unambiguously evidenced only intent to assign accounts receivable in future but did not effect present transfer).

The summary-judgment evidence, therefore, does not establish *any* agreement between Lucas and appellants, much less an assignment. *See Weaver & Tidwell, L.L.P. v. Guarantee Co. of N. Am. USA*, 427 S.W.3d 559, 570 (Tex. App.—Dallas 2014, pet. filed); *MG Bldg. Materials*, 179 S.W.3d at 58; Restatement (Second) of Contracts § 317(1). We conclude that Kinney Recruiting has shown it is entitled to judgment as a matter of law and that the trial court did not err in granting summary judgment on the ground that appellants lack standing. *See* Tex. R. Civ. P. 166a(c); *Knott*, 128 S.W.3d at 215–16. Accordingly, we need not consider other summary-judgment grounds raised by Kinney Recruiting. *See Cates*, 927 S.W.2d at 625–26. We overrule appellants' first three issues.

**Attorney's Fees**

In issues four through seven, Hren and Handwerker challenge the award of attorney's fees and the amount awarded. The UDJA provides that the trial court "may award . . . reasonable and necessary attorney's fees as are equitable and just" and may award fees to the prevailing party, the nonprevailing party, or neither. *See* Tex. Civ. Prac. & Rem. Code § 37.009; *Barshop v. Medina Cnty. Underground Water Conservation Dist.*, 925 S.W.2d 618, 637 (Tex. 1996) (award of attorney's fees under UDJA not dependent on finding that party "substantially prevailed"); *Feldman v. KPMG, LLP*, 438 S.W.3d 678, 685 (Tex. App.—Houston [1st Dist.] 2014, no pet.). Courts must make a factual determination regarding the reasonableness and necessity of the fees awarded and a legal

determination as to whether the award is equitable and just. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998); *Stable Energy, L.P. v. Newberry*, 999 S.W.2d 538, 556 (Tex. App.—Austin 1999, pet. denied). We review the award of attorney's fees under the UDJA for abuse of discretion. *Bocquet*, 972 S.W.2d at 20–21. The trial court abuses its discretion when there is factually insufficient evidence that the fees awarded were reasonable and necessary, which are questions of fact, or when the fee award is inequitable or unjust, which are matters of law. *Id.* at 21.

In conducting a factual-sufficiency review, we must weigh all the evidence in the record and may overturn the trial court's findings only if they are so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996) (per curiam) (citing *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986)). The factors that guide the determination of reasonableness and necessity are (1) the time and labor required to perform the legal services; (2) the likelihood that acceptance of the case would preclude the attorney from taking other employment; (3) the fee customarily charged in the area for similar services; (4) the amount involved and the result obtained; (5) the time limitations imposed by the client or the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent. *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997) (quoting Tex. Disciplinary Rules Prof'l Conduct 1.04(b), *reprinted in* Tex. Gov't Code tit. 2, subtit. G app. A (Tex. State Bar R. Art. X, § 9)). Before concluding that a trial court has abused its discretion in awarding fees, the appellate court must "detail all relevant evidence and explain why the evidence was factually insufficient." *Bocquet*,

11

972 S.W.2d at 21 (citing *Rose v. Doctors Hosp.*, 801 S.W.2d 841, 848 (Tex. 1990), *superseded on other grounds by statute*, Tex. Civ. Prac. & Rem. Code §§ 71.002, .021).

### *UDJA as device for recovering attorney's fees*

In their fourth issue, appellants argue that the UDJA cannot serve as the basis for an award of attorney's fees because Kinney Recruiting's UDJA claim is a mirror image of their breach-of-contract counterclaim. They contend that Kinney Recruiting defended appellants' breach-of-contract claim under the "cloak" of a declaratory-judgment action, that its UDJA claim does not change the nature of the underlying suit, and that the judgment improperly rewards Kinney Recruiting for racing to the courthouse. They also argue that Kinney Recruiting obtained no declaratory relief because the judgment provides only that appellants take nothing on their claims. Thus, appellants contend, the trial court abused its discretion in awarding Kinney Recruiting fees under the UDJA for "defending a breach of contract claim."

We do not find this argument persuasive. This Court has previously held that when a plaintiff initiates a declaratory-judgment action when no dispute is pending before the court, a counterclaim on the same issues does not prevent the award of attorney's fees. *See Thomas v. Thomas*, 902 S.W.2d 621, 626 (Tex. App.—Austin 1995, writ denied) (rule that party cannot bring counterclaim for declaratory relief and recover attorney's fees when counterclaim seeks resolution of disputes already pending before court applies only if dispute is *pending* before court when declaratory relief is requested). The UDJA is to be liberally construed and administered, permitting suits to "settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations," Tex. Civ. Prac. & Rem. Code § 37.002, and here, as in *Thomas*, Kinney

Recruiting instituted suit when no dispute was pending before the court. *See MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 667, 669 (Tex. 2009) ("[T]he Act says relief is available in contract cases 'before *or after* there has been a breach' [and] prohibiting declaratory judgments whenever a breach of contract claim is available would negate the Act's explicit terms covering such claims."); *Thomas*, 902 S.W.2d at 626.

Appellants contend that *Thomas* does not comport with the supreme court's more recent holding in *MBM*. However, *MBM* is inapposite. In *MBM*, the plaintiff sued for breach of contract and for declaratory judgment. *MBM*, 292 S.W.3d at 663. Because the evidence did not support the award of any actual or nominal damages for the breach-of-contract claim, the supreme court held that attorney's fees were not available under section 38.001 of the Civil Practices and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code § 38.001; *MBM*, 292 S.W.3d at 666. The supreme court further held that a party may not replead a claim as a declaratory judgment to justify an otherwise impermissible fee award and that "when a claim for declaratory relief is merely tacked onto a standard suit based on a matured breach of contract, allowing fees under Chapter 37 would frustrate the limits Chapter 38 imposes on such fee recoveries." *MBM*, 292 S.W.3d at 669–70. Here, as noted above, Kinney Recruiting did not replead a claim for breach of contract as one for declaratory judgment; it sought declaratory relief while no breach-of-contract claim was pending. We do not find *MBM* controlling on the facts of this case.

Appellants also argue that the award of attorney's fees under the UDJA was improper because the judgment contains no declaratory relief. However, they offer no authority in support of this argument and have therefore waived it. *See* Tex. R. App. P. 38.1(i). Even if they had not

13

waived this argument, we would not find it persuasive. Kinney Recruiting filed a claim for declaratory relief seeking judgment that Kinney Recruiting "owe[d] nothing to Defendants," and appellants counterclaimed for breach of contract on the same issues stated in Kinney Recruiting's petition. The trial court rendered judgment that appellants take nothing on their claims. It is apparent from the face of the record that the judgment awarded Kinney Recruiting the result sought in its petition for declaratory judgment. To construe the judgment as failing to afford Kinney Recruiting relief under the UDJA because it does not expressly issue "declarations" would be to elevate form over substance, and we decline to do so. *See CMH Homes v. Perez*, 340 S.W.3d 444, 453–54 (Tex. 2011) (declining to elevate form over substance and treating appeal as petition for writ of mandamus because in substance it requested mandamus relief). Thus, were we to consider this argument, we would conclude that the judgment awards the declaratory relief sought.[4] *See McAlpin v. Sanchez*,

---

[4] Even in some circumstances in which the trial court does not rule on the merits of the declaratory claim, this Court has held that "the [UDJA] does not require a judgment on the merits of the dispute as a prerequisite to a fee award." *Zurita v. SVH-1Partners, Ltd.*, No. 03-10-00650-CV, 2011 WL 6118573, at *8 (Tex. App.—Austin Dec. 8, 2011, pet. denied) (mem. op.) (trial court's conclusion that it lacked jurisdiction to render declarations requested in counterclaim did not change nature of proceeding, and trial court did not abuse discretion in awarding fees to plaintiff); *see Texas Dep't of Pub. Safety v. Salazar*, No. 03-11-00478-CV, 2013 WL 5878905, at *12 n.9 (Tex. App.—Austin Oct. 31, 2013, pet. denied) (mem. op.) (construing *Zurita* as standing for proposition that person against whom declarations are sought may recover attorney's fees when defending himself against claims by challenging court's jurisdiction, but not for idea that attorney's fees awarded to person seeking declaratory relief can be upheld if trial court did not have jurisdiction over those claims to begin with). At least two of our sister courts have reached the same conclusion. *See Feldman v. KPMG, LLP*, 438 S.W.3d 678, 685 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (concluding trial court had power to award attorney's fees to defendant under section 37.009 even though it had dismissed plaintiff's claim for declaratory relief); *Castro v. McNabb*, 319 S.W.3d 721, 735–36 (Tex. App.—El Paso 2009, no pet.) (appellate court's determination that trial court lacked jurisdiction to render specific declarations sought did not change nature of proceedings below, and trial court properly exercised its discretion in awarding attorney's fees to defendant upon granting defendant's plea to jurisdiction).

14

858 S.W.2d 501, 509 (Tex. App.—Corpus Christi 1993, writ denied) (where parties invoked UDJA and judgment reflected analysis of agreement between parties, attorney's fees were properly awarded despite absence of explicit declaratory relief); *cf. Affordable Power, L.P. v. Buckeye Ventures, Inc.*, 347 S.W.3d 825, 834 (Tex. App.—Dallas 2011, no pet.) (where judgment reflected third-party plaintiff did not obtain relief sought in declaratory claim, judgment contained no declaratory relief, and third-party plaintiff was not entitled to attorney's fees under UDJA); *Avco Corp. v. Interstate Sw., Ltd.*, 251 S.W.3d 632, 674 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (supp. op. on reh'g) ("declaration" that merely stated jury's finding of fact did not grant declaratory relief). The fact that the judgment, which ordered that appellants take nothing on their claims, did not expressly "declare" the parties' rights under the fee-splitting agreement is not determinative, and we conclude that the trial court had discretion to award attorney's fees under the UDJA. We overrule appellants' fourth issue.

### Attorney's fees against Handwerker

In their fifth issue, appellants argue that the trial court erred in awarding attorney's fees against Handwerker because Kinney Recruiting nonsuited him and because the fact that it included a claim for declaratory relief that duplicated their breach-of-contract claim does not provide a basis for fees. It is undisputed that Kinney Recruiting had no live claim for declaratory relief against Handwerker, and its action cannot form the basis of an attorney's fees award against him. Kinney Recruiting nonetheless contends that the award against Handwerker was appropriate because Kinney Recruiting prevailed on Handwerker's declaratory-judgment claim. However, the plain language of appellants' first amended counterclaim did not state an independent claim for declaratory

15

relief. Rather, it asked the trial court to refuse to make the declarations Kinney requested, contended that under such a ruling, they would be the prevailing parties, and sought "all relief as the prevailing parties." It is apparent from this language that appellants sought to recover attorney's fees as the prevailing parties on *Kinney Recruiting's request for declaratory relief.* Likewise, in the prayer for relief in their counterclaim, appellants ask "that the Court award judgment for Hren and Handwerker and against Kinney Recruiting for the requested declaratory relief, damages, and attorney's fees."[5] Because appellants' counterclaim seeks no declarations or declaratory judgment in their favor, we do not construe it as a claim for declaratory relief within the meaning of the UDJA so as to support the award of attorney's fees to either party. *See* Tex. Civ. Prac. & Rem. Code §§ 37.004, .009; *Northfield Ins. Co. v. Nabors Corporate Servs., Inc.*, No. 13-07-00093-CV, 2009 WL 1546848, at *7 (Tex. App.—Corpus Christi May 29, 2009, no pet.) (mem. op.) (party that sought only attorney's fees under UDJA but did not assert request for declaratory relief not entitled to attorney's fees under UDJA); *Nueces Cnty. v. Ferguson*, 97 S.W.3d 205, 220 (Tex. App.—Corpus Christi 2002, no pet.) (where petition made no reference to declaratory judgment and sought no declaratory relief, suit was one for money damages, not one seeking declaration of rights).

The trial court's judgment awarded attorney's fees against Hren and Handwerker jointly and severally. Because Handwerker was not a defendant in Kinney Recruiting's declaratory-judgment action and because Handwerker's counterclaim did not state a claim for declaratory relief,

---

[5] On appeal, both parties argue that appellants' counterclaim includes a UDJA claim that is duplicative of their breach-of-contract claim but dispute the legal effect of such a duplicative pleading on recovery of attorney's fees. However, appellants' first amended counterclaim omits the language from its original counterclaim requesting that the court "declare that Hren and Handwerker have a vested right to share in that Placement Fee and that Kinney owes Hren and Handwerker their share in that Placement Fee." Thus, their amended counterclaim seeks no declaratory relief.

16

we conclude that the trial court abused its discretion in its judgment of joint and several liability for attorney's fees against Handwerker. *See* Tex. Civ. Prac. & Rem. Code § 37.009; *Bocquet*, 972 S.W.2d at 20–21; *Kennebrew v. Harris*, 425 S.W.3d 588, 592, 601 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (modifying judgment to delete portions holding one defendant jointly and severally liable with other defendant for actual damages, attorney's fees, and costs); *St. Gelais v. Jackson*, 769 S.W.2d. 249, 260 (Tex. App.—Houston [14th Dist.] 1988, no writ) (setting aside part of judgment holding one defendant jointly and severally liable and reforming damage award accordingly). We sustain appellants' fifth issue.

### *Equitable and just attorney's fees award*

In their sixth issue, appellants argue in the alternative that the award of attorney's fees is not just and equitable because Kinney Recruiting's suit was merely a "defensive" or "preemptive" UDJA claim. They contend that they had valid rights to pursue and that there is no question that if they had filed first, Kinney Recruiting would have no basis for claiming attorney's fees. However, they did not file first, and the UDJA permits suits to declare rights, status, and other legal relations. *See* Tex. Civ. Prac. & Rem. Code § 37.003; *MBM*, 292 S.W.3d at 667. The trial court exercised its discretion under the UDJA to award fees to the prevailing party. *See* Tex. Civ. Prac. & Rem. Code § 37.009. Whether a fee award is equitable and just is a matter of fairness in light of all the circumstances. *Ridge Oil Co. v. Guinn Invs., Inc.*, 148 S.W.3d 143, 162 (Tex. 2004). In light of the circumstances here, and for the reasons stated in our analysis of issues one through four, we cannot conclude that the trial court abused its discretion. *See* Tex. Civ. Prac. & Rem. Code § 37.009; *Ridge Oil*, 148 S.W.3d at 16 2; *Bocquet*, 972 S.W.2d at 20–21. We overrule appellants' sixth issue.

17

*Reasonable and necessary fees*

In their seventh and final issue, appellants argue also in the alternative that the amount of fees awarded was not reasonable and necessary. They cite Kinney Recruiting's motion for award of attorney's fees, which states that its fees through the hearing on the first motion for summary judgment were only $30,700, and contend that the remaining fees were not necessary to the outcome achieved, even with the trial court's deduction of fees related to the preparation of Kinney Recruiting's second motion for summary judgment and plea to the jurisdiction.[6] They do not challenge the hourly rate that Kinney Recruiting's attorneys charged or the reasonableness of any specific work done other than to argue that the trial court should have awarded only fees incurred through the hearing on the first motion for summary judgment.

Kinney Recruiting produced competent summary-judgment evidence that it incurred more than $308,000 in fees, including approximately $275,000 in attorney's fees and more than $33,000 in legal-assistant fees. The evidence showed that the attorney's fees were incurred at a reduced hourly rate, with write-offs of time of at least $33,000, and included some time incurred by Kinney, who is a licensed attorney. Kinney Recruiting also sought more than $36,000 in litigation costs, including taxable court costs of $5,400. The record reflects that after deducting all of attorney Kinney's billing and the billing attributable to Kinney Recruiting's second motion for summary judgment and plea to the jurisdiction, its fees were $225,000. The trial court awarded $175,000 in attorney's fees, with conditional awards in the event of appeal, and $5,412 in taxable court costs.

---

[6] Appellants also re-urge the argument that Kinney Recruiting obtained no declaratory relief, an argument we have already rejected.

The trial court subsequently entered findings of fact and conclusions of law, finding that the work of Kinney Recruiting's attorneys resulted in a take-nothing judgment against defendants who at the beginning of trial sought to recover more than $445,000 and that reasonable and necessary fees were $175,000. In its conclusions of law, the court stated its consideration of the factors set out in *Arthur Andersen*, 945 S.W.2d at 818, in determining the fee award and concluded that Kinney Recruiting invoked the UDJA and that the amount of $175,000 is equitable and just.

This case comes to us in an unusual posture. Generally, when a party's first motion for summary judgment is granted, there is little question about which fees were necessary to obtain the resulting outcome. Here, where the trial court sua sponte reconsidered Kinney Recruiting's first motion for summary judgment long after it was initially denied, much litigation had ensued in the interim. While much of that activity was not directly related to the eventual outcome, neither can we conclude that none of the fees Kinney Recruiting incurred after the denial of the first motion for summary judgment were reasonable and necessary, as appellants contend. Kinney Recruiting sought repeatedly to end the litigation at an early stage and, in the face of the denials of its dispositive motions, necessarily incurred fees beyond those related to its first motion for summary judgment. In light of the evidence before it and after consideration of the *Arthur Andersen* factors, the trial court used its discretion to substantially reduce both the fees and costs requested and proven by Kinney Recruiting. On this record, we cannot say that the trial court abused that discretion. *See* Tex. Civ. Prac. & Rem. Code § 37.009; *Ridge Oil*, 148 S.W.3d at 162; *Bocquet*, 972 S.W.2d at 20–21. We overrule appellants' seventh issue.

19

**CONCLUSION**

We conclude that the trial court erred in holding Handwerker jointly and severally liable with Hren. Accordingly, we modify the judgment to delete the portions holding Handwerker jointly and severally liable with Hren for Kinney Recruiting's attorney's fees and costs and affirm the judgment as modified.

_____

Scott K. Field, Justice

Before Justices Puryear, Goodwin, and Field
  Concurring Opinion by Justice Goodwin

Modified and, as Modified, Affirmed

Filed:   August 19, 2015

20